E-FILED
Friday, 24 October, 2008 11:42:30 AM
Clerk, U.S. District Court, ILCD

FILED
JUN 0 6 2003
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, IL



UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
DANVILLE/URBANA DIVISION

| | |
|---|---|
| JOHN DOE and JANE DOE, his Mother, <br><br> Plaintiffs, <br><br> vs. <br><br> BRADY SMITH, individually and in his official capacity, and CHAMPAIGN COMMUNITY SCHOOL DISTRICT NO. 4 BOARD OF EDUCATION, <br><br> Defendants. | Case No. 01-2184 <br><br> EQUITABLE RELIEF SOUGHT <br><br> Hon. Michael P. McCuskey <br><br> Magistrate Judge David G. Bernthal |

TO BE FILED UNDER SEAL:

DEFENDANT CHAMPAIGN COMMUNITY SCHOOL DISTRICT NO. 4
BOARD OF EDUCATION'S TRIAL BRIEF AND
MOTION FOR JUDGMENT AS A MATTER OF LAW

**I.   INTRODUCTION**

On January 10, 2003, plaintiffs were granted leave to file their Fourth Amended Complaint comprising twelve counts alleging civil rights and constitutional violations and state law claims against defendants Dianne Shepard, Kathryn Fletcher, Michael Cain, Donald L. Hansen, and Champaign Community School District No. 4 Board of Education ("Board"). These claims arise from alleged sexual abuse perpetrated by defendant Brady Smith, a school district employee, upon plaintiff Brandon Kelly. Following the Court's ruling on defendants' motion for summary judgment, two federal and three state-law counts remained against the Champaign Community School District No. 4 Board of Education: Count I for violation of Title IX of the Education Amendments of 1972, 20 U.S.C. 1681 *et seq.,* claiming sex discrimination in plaintiff's education based on sexual

1

harassment and sexual abuse; Count II under Title VI of the Civil Rights Act of 1964, 42 U.S.C. 2000d, claiming violation of equal protection rights of plaintiff and other African American students based on sexual abuse of plaintiff; and three state-law counts based on violation of the Illinois School Student Records Act.

The Board is entitled to judgment as a matter of law on several issues. First, plaintiff Dorothy Kelly-Ward cannot establish her federal claims under either Title IX or Title VI. Second, Dorothy Kelly-Ward's state-law claims are barred by the Illinois Tort Immunity Act's statute of limitations. Third, both plaintiffs' state-law claims for negligence are barred by immunity provided by the Illinois School Code. Fourth, plaintiff Brandon Kelly is unable to establish that the Board had actual notice of sexual abuse at the time that such abuse occurred, or that the Board's response to such abuse when it did have notice of his allegations seven months later either did or would have had any effect on his alleged injury. Fifth, plaintiff Brandon Kelly's Title VI complaint is barred by the *Johnson* consent decree concerning discrimination in Champaign schools. On all these issues, the defendant Board is entitled to judgment as a matter of law pursuant to Fed. R. Civ. P. 50. Moreover, defendant Board renews its objection to evidence of "sexual grooming" in the trial of this case.

## II.  ARGUMENT

### A.  Plaintiff Dorothy Kelly-Ward cannot establish federal claims under either Title IX or Title VI.

In response to defendants' motion to dismiss, this court ruled in its order of February 4, 2002, that plaintiff Dorothy Kelly-Ward has standing to bring a claim under Title VI, because her claims fall within the "zone of interests" protected by Title VI. If that is true, the issue before the court in a trial of her claims is what interest does Dorothy Kelly-Ward advance against the Board that entitles her to relief. Defendant Board contends that no evidence demonstrates any compensable injury under either statute for which the Board is liable to Dorothy Kelly-Ward.

Kelly-Ward claims that she has been injured by the Board's actions concerning the sexual abuse of her son Brandon Kelly. Specifically, because the Board's liability under Title IX depends on its receiving actual notice of sexual abuse and failure to respond, Kelly-Ward apparently claims that she was injured or harmed in some fashion by the Board's action in response to notice of sexual abuse. How was she harmed?

The evidence in this case shows that Kelly-Ward telephoned school district employee Dianne Shepard on October 29, 1996, to report her son's allegation of sexual abuse that occurred seven months before her call. Kelly-Ward has no claim of injury against the Board based on the alleged abuse itself in February of 1996, because the Board had no notice of this abuse at that time. In response to Kelly-Ward's telephone call, Shepard immediately reported the allegation to DCFS and to other school district administrators, who also immediately took action to remove Brady Smith from his position as Dean of Franklin Middle School. Dorothy Kelly-Ward has no claim of injury based on this telephone call nor from the district's action to remove Smith from his position. No

other evidence of Kelly-Ward's contacts with the school district will support her claim against the Board based on sexual abuse of her son. The Board is entitled to judgment as a matter of law on plaintiff Kelly-Ward's Title IX claims.

Kelly-Ward's claims under Title VI are even more tenuous. Discussing Kelly-Ward's standing to bring a claim, the court in its order of February 4, 2002, stated that Ward had alleged that the school district discriminated against her based on her race and the race of her son and she therefore had standing. (Order, p. 5) The issue for trial, therefore, is in what manner the district discriminated against her and with what injury. The evidence in this case does not disclose any intentional discrimination or differential treatment of Kelly-Ward based on her race. It is worth noting that Kelly-Ward brings her claims independently of plaintiff Brandon Kelly's claims in this case, including her claims under Title VI. Thus, any harm that Brandon Kelly might assert does not supply a basis for Kelly-Ward's independent claims. Because there is no evidence of the Board's intentional race discrimination against Kelly-Ward, the Board is entitled to judgment as a matter of law on her Title VI claims.

**B.    Plaintiff Dorothy Kelly-Ward's state-law claims based on violation of the Illinois School Student Records Act are barred by the Tort Immunity Act's statute of limitations.**

The Fourth Amended Complaint alleges three counts of willful and wanton destruction of Brandon Kelly's student records, spoliation of evidence, and negligence per se based on alleged destruction of records. This court has previously found that the Illinois Tort Immunity Act's one-year statute of limitations, 745 ILCS 10/8-101, applies to bar certain state-law claims in prior

4

versions of the Complaint. (Order, p. 8) The court's logic also applies to Dorothy Kelly-Ward's state-law claims in the Fourth Amended Complaint.

The Illinois School Student Records Act provides that a parent stands in the shoes of a student until the student's 18th birthday: "All rights and privileges accorded to a parent under this Act shall become exclusively those of the student upon his 18th birthday." 105 ILCS 12/2(g). Plaintiff Brandon Kelly turned 18 on August 2, 1999, and those rights under the Act previously enjoyed by his parent became exclusively his. Dorothy Kelly-Ward therefore must assert her state-law claims based on an alleged violation of the Illinois School Student Records Act by August 2, 2000, one year after her rights under the Act ceased to exist. The Complaint in this case was filed on July 31, 2001, long after the statute ran on any claims that Dorothy Kelly-Ward might make based on the Act. Defendant Board is entitled to judgment as a matter of law on Kelly-Ward's claims for willful and wanton destruction of records and negligence per se.

### C.   The Board is immune from liability on both plaintiffs' state-law claims for negligent spoliation of evidence or for negligence per se.

The Board is also protected from liability for negligence under the Illinois School Code, and therefore neither plaintiff has a claim for negligent spoliation of evidence or for negligence per se against the Board as asserted in Counts XI and XII of the Fourth Amended Complaint. The Illinois School Code provides for *in loco parentis* immunity for negligence that is not willful and wanton for administrative activities and record keeping. 105 ILCS 5/24-24. In *Hopwood v. Elmwood*, 171 Ill.App.3d 280, 284, 525 N.E.2d 247 (3rd Dist. 1988), the court held that, since record keeping and administrative details are necessary for the effective administration of a school and its programs, a school district is protected by the *in loco parentis* immunity from liability for negligence. Defendant

Board has immunity for both plaintiffs' claims for negligent spoliation of evidence and for negligence per se and is entitled to judgment as a matter of law on Counts XI and XII of the Fourth Amended Complaint.

> D. **Plaintiff Brandon Kelly is unable to maintain a claim for violation of Title IX under relevant case law.**

In *Gebser v. Lago Vista Ind. School Dist.* 524 U.S. 274, 118 S.Ct. 1989 (1998), the U.S. Supreme Court held that in regard to sex discrimination claims against a school district that "a damages remedy will not lie under Title IX unless an official who at a minimum has authority to address the alleged discrimination and to institute corrective measures on the recipient's behalf has actual knowledge of discrimination in the recipient's programs and fails adequately to respond." *Id.* at 290. The Court further held that "the response must amount to deliberate indifference to discrimination," which the Court glossed at "an official decision by the recipient not to remedy the violation." *Id.*

Plaintiff has not alleged nor can plaintiff prove that the Board had actual notice of alleged sexual abuse at any time prior to October 29, 1996. The sexual abuse is alleged to have occurred in February, 1996, more than seven months before the school district had any notice. The *Gebser* requirement of actual notice of discrimination becomes virtually meaningless if the actual notice can be given months or even years after the abuse occurs and still create the possibility of liability for a school district. The additional requirement of an adequate response to such notice of abuse or harassment also becomes meaningless when the harassment to be corrected is months or even years in the past. *Gebser* requires actual notice of sexual harassment and abuse when and as it occurs so that a school district is able to respond adequately to an existing problem. Notice that arrives seven

6

months after the abuse has occurred in effect informs the district of history, not harassment. The notice to the school district on October 29, 1996, concerned only the allegation that sexual abuse had occurred in February of 1996. That notice is insufficient as a matter of law to fasten liability on the Board under the *Gebser* standard.

E. **Evidence of "sexual grooming" must be ruled inadmissible at trial.**

The Board renews its objection to evidence of so-called "sexual grooming," especially to the use of this highly inflammatory term. The Seventh Circuit has found that such evidence does not suffice to meet the actual notice requirement. *Smith v. Metropolitan School District Perry Township*, 128 F.3d 1014, 1035 (7th Cir. 1997). Plaintiffs may seek to introduce evidence that defendant Smith bought gifts of clothing for Brandon Kelly, took him to restaurants, or allowed him privileges unavailable to other students. If the court allows such evidence and allows the term "sexual grooming" to be attached to such innocuous acts, the finder of fact may easily over-generalize the concept to include almost any interaction between district teachers and administrators and their students. There are effectively no limits to what may be considered "sexual grooming," a term that invites the jury to supply its own overwrought meanings. This evidence is the subject of one of the school district's motions in limine and the Board urges this court to grant the motion.

F. **The consent decree entered in *Johnson v. Board of Education of Champaign Unit School Dist. #4*, 188 F.Supp.2d 944 (C.D. Ill. 2002) bars plaintiffs' Title VI claims; alternatively, evidence of the consent decree must be excluded.**

The Board objects to the use of the *Johnson* consent decree as evidence in this litigation and reasserts its argument that the consent decree bars plaintiffs' Title VI claim. In *Johnson*, the court entered a consent decree concerning racial discrimination in Champaign public schools. The decree

was the result of an agreement between plaintiffs, "representatives of the class of present and future African-American students in Unit 4," and the Board of Education. *Id.* at 981. The consent decree addressed disparate impact discrimination in student placements, discipline, special education, and curriculum by incorporating agreements between federal regulators, plaintiffs, and the district. *Id.* The approval of the consent decree resolved litigation first filed in May of 1996. *Id.* at 946.

Plaintiffs' claim of race discrimination under Title VI is barred by the consent decree entered in *Johnson*. The decree itself states that "[t]he parties agree that this Consent Decree is final and binding as to the issues resolved herein," and that the Court retains jurisdiction over the enforcement of the dispute resolution procedure provided by the decree. *Id.* at 982. The consent decree states that, if third parties raise challenges that attempt to separately litigate the issues resolved by the decree, the parties will jointly defend against those challenges. *Id.* The radically expanded allegations of Count II that first appeared in the Fourth Amended Complaint, are either a collateral attack on or an attempt to enforce the *Johnson* consent decree. But plaintiff Brandon Kelly was a student in Champaign schools in 1996 and 1997 when the agreements endorsed and incorporated by the consent decree were being negotiated. He is member of the class that entered into the consent decree and is bound by its terms.

Alternatively, if plaintiff Brandon Kelly is not considered to be a member of the class, he lacks standing to enforce the consent decree. "A consent decree is not enforceable directly or in collateral proceedings by those who are not parties to it even though they were intended to be benefitted by it." *Hodges by Hodges v. Public Building Comm. of Chicago*, 864 F.Supp. 1493, 1508 (N.D. Ill. 1994) (*quoting Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 749, 95 S.Ct. 1917

(1975)). In either case, then, whether plaintiff is or is not considered a party to the *Johnson* consent decree, the claims of racial discrimination in Count II are barred.

In addition, as an evidentiary matter, the *Johnson* consent decree is only relevant in a case of disparate impact discrimination, not in a case where discriminatory intent must be proved under Title VI. The consent decree and its findings of discriminatory impact of school district policies are not relevant to any issue of the Board's intent to discriminate. Such evidence in the form of the consent decree is therefore highly prejudicial to defendant Board and must be excluded. This consent decree is the subject of one of defendant's motions in limine and the Board urges this Court to grant the motion.

Defendant Board is entitled to judgment as a matter of law on plaintiffs' Title VI claims because their claims are barred by the *Johnson* consent decree. Alternatively, evidence of the consent decree must be excluded from the trial of this case.

### G. Plaintiffs' Title VI claims are properly considered a claim of retaliation, and defendant Board is entitled to judgment on those Title VI claims.

In their response to defendants' motion for summary judgment, plaintiffs clarified the nature of their Title VI claims. Encompassing more that the discriminatory practices at stake in *Johnson,* plaintiff Brandon Kelly brings "distinct and individual claims" that defendant Smith "engaged in quid pro quo discipline of him, that the School District was deliberately indifferent to his truancy as part of their brutal response to his disclosure of sexual abuse by Dean Smith and that the District destroyed his school records, including attendance records, in a cover-up of Smith's sexual predation." (Response, p.72) The core of plaintiffs' Title VI claim, then, is the school district's retaliation against Kelly for his allegation of sexual abuse. Rather than bring that retaliation claim

9

under Title IX, plaintiffs have instead dressed up their retaliation claim as a wide-ranging complaint about the school district's alleged race discrimination in handling truancy, discipline, special education assignments, attendance, promotion and retention, and record-keeping, with injury not only to plaintiff Kelly but also other African-American students. Plaintiff's Title VI claim, as amended in January, 2003, after the close of discovery, transforms this case from a claim of illegal sexual abuse into an extensive inquiry and referendum on the district's entire educational program. A defense of such expansive claims of educational malpractice and discrimination would require a battery of experts and studies and prolonged discovery. However, as plaintiffs describe it, the central issue in Kelly's claim is whether the district's alleged educational neglect was an intentional retaliatory response by the district to Kelly's allegations of sexual abuse, and that issue is cognizable under plaintiff's Title IX claim. *Lowry v. Texas A & M University System*, 117 F.3d 242, 248 (5th Cir. 1997). This is a case about sexual harassment and abuse, not educational malpractice. The Board should receive judgment as a matter of law on plaintiffs' Title VI claims, which are merely an elaboration of the central claim of retaliation that is properly a claim under Title IX.

III.  **CONCLUSION**

For the reasons stated above, the defendant Board of Education requests this court to enter judgment as a matter of law in its favor on the contested issues discussed above, and for such other relief as this court deems just.

Respectfully submitted,

Champaign Community School District No. 4
Board of Education

By: _____
One of its attorneys

Darcy L. Proctor
Parker H. Johnson
Ancel, Glink, Diamond, Bush, DiCianni & Rolek, P.C.
140 South Dearborn Street, Sixth Floor
Chicago, Illinois 60603
(312) 782-7606
(312) 782-0943 Fax


Howard W. Small, Esq.
Law Office of Ansel & Small, Ltd.
41 E. University Ave., P.O. Box 468
Champaign, IL 61824-0468
(217) 359-0200
(217) 359-0888 Fax

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
DANVILLE/URBANA DIVISION

| | | |
|---|---|---|
| JOHN DOE and<br>JANE DOE, his Mother,<br><br>        Plaintiffs,<br>vs.<br><br>BRADY SMITH, individually and in his<br>official capacity, and CHAMPAIGN<br>COMMUNITY SCHOOL DISTRICT NO. 4<br>BOARD OF EDUCATION,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 01-2184<br><br>EQUITABLE RELIEF SOUGHT<br><br>Hon. Michael P. McCuskey<br><br>Magistrate Judge David G. Bernthal |

FILED
JUN 0 6 2003
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, IL

### TO BE FILED UNDER SEAL:
### NOTICE OF FILING

*Ellyn J. Bullock, Esq., Nally, Haasis & Bauer, P.C., P.O. Box 227, Champaign, IL 61824-0227*
*Mary Lee Leahy, Esq., Leahy Law Offices, 308 E. Canedy, Springfield, IL 62703-2202*
*Darcy L. Proctor, Esq., Ancel, Glink, Diamond, Bush, DiCianni & Rolek, P.C., 140 S. Dearborn St.,*
    *The Marquette Building, 6th Floor, Chicago, IL 60603*
*Timothy J. Young, Esq., Chilton, Yambert, Porter & Coghlan, 150 S. Wacker Drive, Suite 2400, Chicago, IL 60606*
*Stephen H. DiNolfo, Esq., Ottosen, Trevarthen, Britz, Kelly & Cooper, Ltd., 300 S. County Farm Rd., 3rd Floor,*
    *Wheaton, IL 60187*
*Peter M. King, Esq., Ottosen, Trevarthen, Britz, Kelly & Cooper, Ltd., 300 S. County Farm Rd., 3rd Floor,*
    *Wheaton, IL 60187*

    The undersigned, one of the attorneys representing DIANNE SHEPARD, KATHRYN FLETCHER, MICHAEL CAIN, DONALD L. HANSEN, and CHAMPAIGN COMMUNITY SCHOOL DISTRICT NO. 4 BOARD OF EDUCATION in the above-captioned cause, hereby certifies that he served a true and correct copy of the foregoing:

**DEFENDANT CHAMPAIGN COMMUNITY SCHOOL DISTRICT NO. 4 BOARD OF EDUCATION'S**
**TRIAL BRIEF AND MOTION FOR JUDGMENT AS A MATTER OF LAW**

upon all persons to whom it is addressed by first class mail, postage fully prepaid.

    Dated this 6th day of June, 2003.

                                                                DIANNE SHEPARD, KATHRYN FLETCHER,
                                                                 MICHAEL CAIN, DONALD L. HANSEN and
                                                                   CHAMPAIGN COMMUNITY SCHOOL DISTRICT
                                                                   NO. 4 BOARD OF EDUCATION, Defendants

                                                                   By: _____
                                                                        One of their Attorneys

Howard W. Small, Esq.
Law Office of Ansel & Small, Ltd.
41 E. University Ave., P.O. Box 468
Champaign, IL 61824-0468
Telephone: (217) 359-0200
Facsimile: (217) 359-0888