SEALED E-FILED
Tuesday, 28 October, 2008 10:54:12 AM
Clerk, U.S. District Court, ILCD



IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

FILED
SEP 0 4 2003
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, IL

JOHN DOE and JANE DOE, his mother

Plaintiffs,

-vs-

BRADY SMITH, individually and in his official capacity and CHAMPAIGN COMMUNITY SCHOOL DISTRICT NO. 4 BOARD OF EDUCATION,

Defendants.

Case No. 01-2184
EQUITABLE RELIEF SOUGHT

**TO BE FILED UNDER SEAL:**
**PLAINTIFFS' CONTINUING MOTION IN LIMINE IN RESPONSE TO DISTRICT DEFENDANT'S PARED DOWN LIST OF DOCUMENTS IT WISHES TO USE AT TRIAL WITH INCORPORATED MEMORANDUM OF LAW**

NOW COME the Plaintiffs, JOHN DOE and JANE DOE, through their attorneys Ellyn J. Bullock of Nally, Haasis & Bauer, P.C. and Mary Lee Leahy of Leahy Law Offices and under Federal Rules of Evidence 401, 402, 403, 404(b), 608, 609, 802 & 803 and all other applicable Federal and Local Rules and files this Continuing Motion in Limine in Response to District Defendant's Pared Down List of Documents it Wishes to Use at Trial With Incorporated Memorandume of Law. In support of their Continuing Motion, Plaintiffs state as follows:

(1) On May 30, 2003, Plaintiffs filed a Motion in Limine Regarding Criminal History and Documents Relating to Criminal History With Incorporated Memorandum of Law. In this Motion, Plaintiffs addressed the District Defendant's submission of "approximately 700 pages of



documents relating in some way to Plaintiff Brandon Kelly's interactions with law and justice."
(Plaintiffs' Motion at p. 5).  Plaintiffs reincorporate all of the arguments and analysis from their
May 30 Motion in Limine.

    (2)    On August 27, 2003, this Court held a hearing on various evidentiary issues
relating to the trial of this matter including the Plaintiffs' Motion in Limine Regarding Criminal
History and Documents Relating to Criminal History.  At the time of this Hearing, District
Defendant submitted a pared down packet of  approximately 150 pages as its potential trial
exhibits.  Plaintiffs requested leave from the Court to re-address and re-submit Plaintiffs'
position as to the pared down packet of approximately 150 pages of potential District trial
exhibits.

    (3)    The Defendant School District has indicated it wishes to use the following pared
down packet of the following documents at trial (A copy of pared down packet given to Plaintiffs
on August 27 is attached in full as Exhibit A):

    002135-2136 [1](March 5, 1997)

    002133-2134 (April 3, 1997)

    002141-2143 (October 8,1 997)

    003610-3611 (October 22, 1996)

    003213-3216 (July 27, 1998)

    003220-3224 (November 3, 1997)

    003225-3227 (November 3, 1997)

    003228-3231 (July 29, 1998)

    003232-3234 (November 3, 1997)

    003237-3251 (fall, 1997)

---

[1] Plaintiff uses the Bates numbers because the documents were not marked as Exhibits.  The date of the document appears in parenthesis.

003252-3256 (November 3, 1997)

003257-3260 (May 8, 1996)

003266-3268, 3275, 3265 (all stapled together) (various dates in 1995 and 1996)

003280-3285 (June 19, 1998)

003286-3291 (January 15, 1998)

003293-3300 (no date)

003301-3305 (November 1, 1996)

003307-3317 – 3307 is a duplicate of 002153. 3308 is a duplicate of 3307 and 002133. 3309 is duplicate of 002134. (April 3, 1997)

003318-3333 (January 7, 1997)

003362-3370 (last entry February 24, 1998)

003380 (July 31, 1998)

003388 (July 27, 1998)

003395 – duplicate of 3280 (July 17, 1998)

003396 (June 19, 1998)

003397 (no date)

003399 (June 22, 1998)

003400 – which is a duplicate of 003397 (no date, fax date June 18, 199_)

003401 – which is a duplicate of 003396 (June 19, 1998)

003402 – which is a duplicate of 003396 (June 19, 1998)

003403 – which is a duplicate 0f 003396 (June 19, 1998)

003404 – which is a duplicate of 3397 (no date)

003405 (June 8, 1998)

003406 (June 8, 1998)

003407 (June 8, 1998)

003408 (June 8, 1998)

003468 (October 31, 1997)

003469 (November 3, 1997)

003470 – appears to be attached to 3469

003481 – duplicate of 002171 (October 8, 1997)

003485 (October 2, 1997)

003486 – appears should be attached to 003485

003534 – duplicate of 002133 (April 3, 1997)

003535 – duplicate of 003535 (no date, appears to be part of a document)

003543 (March 31, 1997)

003544 – appears should have been attached to 003543

003545 (March 24, 1997)

003546 (March 6, 1997)

003547 (March 6, 1997)

003548 – duplicate of 002135 (March 5, 1997)

003549 – duplicate of 002136 (March 5, 1997)

003551 (February 12, 1997)

003598 (October 26, 1996)

003599 (October 30, 1996)

003596 (October 22, 1996)

003596 (October 22, 1996)

003602 (October 28, 1996)

003425 (June 29, 1998)

003426 (no date)

003427 (no date)

003428 (no date)

003429 (no date) – 003426, 003427, 003428, and 003429 appear to be one document
(June 29, 1998)

003430 (June 29, 1998)

003431 (June 29, 1998)

003432 (June 20, 1998)

003434 (June 7, 1998)

003617 – duplicate of 003327 (May 23, 1996)

003618 – duplicate of 003328 (May 23, 1996)

003620 – duplicate of 003330 (May 20, 1996)

(4)     This pared down packet of documents was given to the Plaintiffs on August 27,
2003.  The documents were  not in Bates stamped order, nor were they are not in chronological
order.

(5)     All duplicates as outlined above should be stricken.

(6)     The Defendant District has not indicated the purposes for which each document is
being offered or whether they are being offered for the truth of the contents.  It is difficult to see
the relevancy of these documents without knowing why each is being offered.

(7)     The probation reports (3610, 2135, 3543, 3307, 3485, 2141, 3469, 3280, 3228,
2133) as well as the petitions to revoke probation (3318, 3293), 003362 -3370 and the
dispositional report all contain references to (3320-3224) "charges" for which there was no
conviction.[2]  John Doe contends there are serious problems with the admissibility of all these

_____

[2] As an aside Plaintiff notes that the Illinois Human Rights Act, 775 ILCS 5/2-103, specifies
it as a civil rights violation for an employer to inquire into or use arrest information as a basis for
employment decision.  This is distinguished from use of convictions.  Plaintiff submits this statute is
based on the unreliability of charges.  A charge is simply that and the person is presumed innocent
until found guilty.

documents.  In <u>Campbell v. Greer</u>, 831 F. 2d 700 (7th Cir. 1987), the Court held a party can be cross-examined as to certain criminal convictions.  However the Campbell Court limited the opposing party's cross examination of the prior conviction to the nature of the conviction and forbid the opposing party's "harping" on the crime because it would "thereby shift the focus of attention from the events at issue in the present case to the wintess's conviction in a previous case."  831 F.2d at 707.  If thesse limitations apply to a conviction surely charges for which there was no conviction or "run-ins" with the police should not be admissible.  This Court has previously ruled on the admissibility of John Doe's adult felony convictions (See Court Order of 6-24-03) and therefore all that is at issue is uncharged "run-ins" with the police.  These should be excluded from trial.

The probative value – if any - of John Doe's "run-ins" with the police and John Doe's juvenile probation terms subsequent to his being molested by Brady Smith  are outweighed by the prejudice inherent in making mini-trials of uncharged, juvenile conduct unrelated to the issues in the instant case.  See Fed. R. Ev. 403.

(8)   As to relevance based on time of event,  John Doe reported the sexual abuse in the fall of 1996.  Plaintiff suggests that all documents dated in 1997 and 1998 should not be admitted for those events are subsequent to the molestation and the reporting of it.  Plaintiffs acknowledge that some occurrences subsequent to 1997 have already been admitted to trial as relevant to the School District's response and the Plaintiffs' damages, but the above referenced 1997 & 1998 documents are not relevant to either the School District's response or the Plaintiffs' damages.

(9)   In addition to foundation, hearsay, and relevancy objections, there are particular problems with certain documents:

003257-3260: no identification as to whose handwriting is on the document.  It appears to be more than one person.

003266-3268, 003275 and 003265 (stapled in that order): it is impossible to determine what these documents are with the exception of 003275 which purports to be a letter from Nancy Clinton to Jane Doe.

003301, 003303, 003305: handwritten notes with no identification as to what they are or, who made the notes.

003596, 003602, 003425: notes on forms.  No identification as to who made the notes.

003388: typed notes on form.  No identification of author except "Tom."

003426-003429: appears to be one document.  Handwritten notes on form.  Cannot tell if staff person wrote the notes.  Document is missing Clinical Supervisor's signature and the Physician's signature.

003468: typed notes on forms.  No identification of author other than Jason.

003252: handwritten notes on form.  Not certain of identity of person(s) making notes.

003237-3251: Case notes.  Absences in 1997 with unidentified code.

003293-3300: signature is not notarized on 3294. No indication it was filed in Court. Attachments to first to pages are allegedly probation reports included elsewhere.

3318-3333. The Petition is not signed nor sworn.  The attachments duplicate other documents.

WHEREFORE, for the foregoing reasons, Plaintiffs move in limine to exclude all of the above referenced documents.

Respectfully Submitted:

_____
Ellyn J. Bullock, Plaintiffs' Attorney

Prepared By:
Ellyn J. Bullock
Registration #:  6224579
Nally, Haasis & Bauer, P.C.
41 E. University Avenue
P.O. Box 227
Champaign IL 61824-0227
Facsimile - (217) 359-2995;  Telephone - (217) 359-1000

And

Mary Lee Leahy
Registration #:  1599534
Leahy Law Office
308 E. Canedy
Springfield, IL 62703-2202
Facsimile – (217) 522-7119; Telephone – (217) 522-4411

Probation and Court Services Department of Champaign County, Illinois

| Adult Probation Division | Juvenile Probation Division | Juvenile Detention Division | Intensive Probation Unit |
|---|---|---|---|
| Phone 384-3753 | Phone 384-3752 | Phone 384-3780 | Phone 384-8610 |

COURTHOUSE ANNEX, ROOM 225
201 E. MAIN
URBANA, ILLINOIS 61801-3324

Joseph J. Gordon
Director

After hours phone (217) 384-3753
Fax (217) 384-1264


FILED
SIXTH JUDICIAL CIRCUIT

MAR 0 6 1997

CHAMPAIGN COUNTY YOUTH DETENTION CENTER
DETENTION REPORT
March 5, 1997

**NAME:** Kelly, Brandon Dishon  AKA: Steven Henry Palmer
**CASE NUMBER:** 96-JD-41
**DATE OF BIRTH:** August 2, 1981
**DATE AND TIME OF POLICE CUSTODY:** March 5, 1997; 05:39p
**DATE AND TIME OF DETENTION CUSTODY:** March 5, 1997; 06:40p
**PRESENT ALLEGED OFFENSE:** Warrant of Apprehension for Failure to Appear at a Remission Hearing on February 26, 1997 at 10:45am

**PARENTAL/LEGAL GUARDIAN INFORMATION:**
Mother:  Dorothy Kelly-Ward;  208 E. Hill, Champaign, IL  61820
Employer:  Farm and Home Association
Father:  Samuel Weatherall;  deceased

The minor's mother and legal guardian, Dorothy Kelly-Ward, was notified of her son's detainment at 7:35pm.  She informed this officer that she would not be able to attend but she would attempt to have someone at his hearing.  The minor was granted an intake telephone call at that time.

**PRIOR CONTACTS:**

**POLICE:**

| DATE | OFFENSE | DEPARTMENT | DISPOSITION |
|---|---|---|---|
| 11-28-96 | Residential Burglary | CPD | Disposition Pending |
| 10-23-96 | Assist Other Agency | UPD | Refer to CCSD |
| 10-22-96 | Burglary from Motor Vehicle | CCSO | None Listed |
| 10-15-96 | Motor Vehicle Theft | CPD | Disposition Pending |
| 10-14-96 | Runaway | CPD | Disposition Pending |
| 07-31-96 | Curfew | UPD | Counseled Released |
| 05-24-96 | Curfew Violation | CPD | Warned and released |
| 02-27-96 | Battery | CPD | State's Attorney |
| 10-09-95 | Burglary from Motor Vehicle | CPD | Informal Supervision |
| 12-13-94 | Battery | CPD | Case closed |
| 02-28-94 | Battery | CPD | School suspension |
| 05-04-93 | Battery | CPD | Juvenile petition |
| 04-11-89 | Retail Theft | CPD | Warned and released |

**INFORMAL SUPERVISION:**
Detention Center records indicate the minor has neve[r] ... in the diversionary program offered in Champaign County

EXHIBIT
A

**PROBATION/PAROLE:**
On November 1, 1996, the minor was sentenced to a tw[o] ... of Probation which is being monitored by Melissa Mitchell.

002135

CHAMPAIGN COUNTY YOUTH DETENTION CENTER                          page 2
Detention Report, continued
Kelly, Brandon Dishon  AKA:  Steven Henry Palmer
96-JD-41

PRIOR DETENTION:
DATES IN DETENTION                    REASON FOR DETAINMENT
October 22, 1996 Through              Possession of Burglary Tools;
November 1, 1996                       Attempted Burglary to a Motor
                                      Vehicle; Obstructing Justice;
                                      Warrant of Apprehension for
                                      Failure to Appear at a
                                      Dispositional Hearing
                                      regarding an Aggravated
                                      Assault charge

BEHAVIOR:
The minor was cooperative throughout the intake process.  He has
remained polite and courteous as of this writing.

SUMMARY:
The minor was detained pursuant to a Warrant of Apprehension issued
by the Honorable Donald R. Parkinson.

Respectfully submitted,

Thomas E. Sexton
Detention Officer
Court Services Department

002136

**Probation and Court Services Department of Champaign County, Illinois**

| Adult Probation Division | Juvenile Probation Division | Juvenile Detention Division | Intensive Probation Unit |
|---|---|---|---|
| Phone 384-3755 | Phone 384-3752 | Phone 384-3780 | Phone 384-8610 |

COURTHOUSE ANNEX, ROOM 225
201 E. MAIN
URBANA. ILLINOIS 61801-3324
After hours phone (217) 384-3753


SIXTH JUDICIAL CIRCUIT   Joseph J. Gordon Director

APR 0 3 1997

S. F.....
CLERK OF THE CIRCUIT COU...

CHAMPAIGN COUNTY YOUTH DETENTION CENTER
DETENTION REPORT
April 3, 1997

NAME:  Kelly, Brandon Dishon     A.K.A:  Stephen Henry Palmer,
                                          "Luchini"

CASE NUMBER:  96-JD-41
DATE OF BIRTH:  August 2, 1981
DATE AND TIME OF POLICE CUSTODY:  April 2, 1997; 5:00pm
DATE AND TIME OF DETENTION CUSTODY:  April 2, 1997; 6:20pm
PRESENT ALLEGED OFFENSE:  Mob Action, Compelling Organization Member-
                           ship of Person

PARENTAL/LEGAL GUARDIAN INFORMATION:
Mother:  Dorothy Kelly-Ward
         208 E. Hill St., Champaign
Employer:  Farm and Home Association
Father:  Samuel Weatherall-Deceased
Step Father:  Willy Ward
              208 E. Hill St., Champaign
Employer:  Advantage Sheet Metal

The minor's mother, Dorothy Kelly-Ward, was notified of her son's
detainment at 7:15pm, April 2, 1997.  She signed all necessary
consents, and shared an intake call via the Center's intercom system
at that time.

PRIOR CONTACTS:

POLICE:

| DATE | OFFENSE | DEPARTMENT | DISPOSITION |
|---|---|---|---|
| 12/29/96 | Possession of a Stolen Motor Vehicle | RPD | Counseled and Released |
| 11/28/96 | Residential Burglary | CPD | Disposition Pending |
| 10/23/96 | Assist Other Agency | UPD | Refer to CCSD |
| 10/22/96 | Burglary from Motor Vehicle | CCSD | None Listed |
| 10/15/96 | Motor Vehicle Theft | CPD | Disposition Pending |
| 10/14/96 | Runaway | CPD | Disposition Pending |
| 05/24/96 | Curfew Violation | CPD | Warned and Released |
| 02/07/96 | Battery | CPD | States' Attorney |
| 10/09/95 | Burglary from Motor Vehicle | CPD | Informal Supervision |
| 12/13/94 | Battery | CPD | Case Closed/No Further Disposition |
| 02/28/94 | Battery | CPD | School Suspension |
| 05/04/93 | Battery | CPD | Juvenile Petition |
| 04/11/89 | Retail Theft | CPD | Warned and Released |

002133

CHAMPAIGN COUNTY YOUTH DETENTION CENTER                    page 2
Detention Report, continued
Kelly, Brandon Dishon
96-JD-41

INFORMAL SUPERVISION:

According to records maintained at the Youth Detention Center, the
minor has never been referred to the Informal Supervision Program
offered by Champaign County.

PROBATION/PAROLE:

On November 1, 1996, the minor was sentenced to a one year period of
probation.  Melissa Mitchell is his monitoring officer.  His sched-
uled termination date is November 1, 1997.

PRIOR DETENTION:

| DATES IN DETENTION | REASON FOR DETAINMENT |
|---|---|
| October 22, 1996 through November 1, 1996 | Warrant of Apprehension for Failure to Appear at Dispostional Hearing, Attempted Burglary from Motor Vehicle, Possession of Burglary Tools, Obstructing Justice |
| March 5, 1997 through March 24, 1997 | Warrant of Apprehension for Failure to Appear at Petition to Revoke Hearing/Court-Ordered 19-Day Sentence |

BEHAVIOR:

The minor was polite, cordial and courteous throughout the intake
process.  He has not presented any behavioral problems thus far into
his detainment.

SUMMARY:

The minor was detained for his own protection, the protection of
persons within the community, and to ensure his presence in court.


Respectfully submitted,

Jeremy Jessup (ck)
Jeremy Jessup
Detention Officer
Court Services Department

002134

# CHAMPAIGN COUNTY PROBATION AND COURT SERVICES

Joseph J. Gordon
Director



Room 225, Courthouse Annex, 201 E. Main Street •Urbana, IL 61801•217-384-3753•Fax (217)384-1264

| Adult Probation Division | After Hours Messages | Juvenile Probation Division | Juvenile Detention Division |
|---|---|---|---|
| Roger D. Nelson | 384-3753 (Standard Services) | Robert P. Schwieter | 1601 E. Main |
| Deputy Director | 384-8610 (IPS) | Deputy Director | Urbana, IL 61802 |
| | | | 384-3780 |
| | | | 384-8617 |

CLERK OF THE SIXTH JUDICIAL CIRCUIT COURT
CHAMPAIGN COUNTY, ILLINOIS

CHAMPAIGN COUNTY YOUTH DETENTION CENTER
JUVENILE BEHAVIOR REPORT
October 8, 1997

NAME:  Kelly, Brandon Dishon;  AKA:  Luchin, Stephen Henry Palmer
CASE NUMBER:  96-JD-41
DATE OF BIRTH:  August 2, 1981

PARENTAL INVOLVEMENT:
The minor has spoken with his mother, Dorothy Kelly-Ward, via tele-
phone since his admittance.  He has received no familial visits.

DETENTION CENTER SCHOOL REPORT:
Although the minor is currently enrolled in tenth-grade classes at
Central High School, tests administered by the Detention Center
Educator indicate he is working at the 4.1 academic grade level in
Math, the 8.3 academic grade level in Oral Reading, and the 6.3
academic grade level in Reading Comprehension.  During his four days
of participation in the classroom he has earned ratings of "good" in
behavior, attitude, and academic progress.  The Educator stated that
"Brandon is quiet and cooperative." She added that "he completes his
assignments willingly and maintains a pleasant attitude."

DETENTION CENTER STAFF INVOLVEMENT:
Entries in the Daily Behavior Log indicate that the minor has been
well-behaved.  He tends to be very quiet and reserved, separating
himself from other detainees who may not be following the rules as
well as he.  He has displayed an excellent ability to refrain from
being distracted;  when assigned a task he works diligently until
finished and generally does a good job.  The minor follows directions
well and interacts appropriately with staff members and other detain-
ees.  His daily demeanor is pleasant, personable, and courteous.

SUMMARY:
The minor has integrated well with the other detainees at this
facility and has exhibited an ability to follow the strict and rigid
rules of a secure environment.

Respectfully submitted,

Jnanne Flentje
Detention Officer
Court Services Department

002141

# CHAMPAIGN COUNTY PROBATION AND COURT SERVICES

Joseph J. Gordon
Director

Room 225, Courthouse Annex, 201 E. Main Street •Urbana, IL 61801•217-384-3753•Fax (217)384-1264

| | | | |
|---|---|---|---|
| Adult Division | After Hours Messages | Juvenile Division | Juvenile Detention |
| Roger D. Nelson | 384-3753 (Standard Services) | Robert P. Schwieter | 1801 E. Main |
| Deputy Director | 384-8610 (IPS) | Deputy Director | Urbana, IL 61802 |
| | | | Phone (217) 384-3780 |
| | | | Fax (217) 384-8617 |

CHAMPAIGN COUNTY YOUTH DETENTION CENTER
JUVENILE BEHAVIOR REPORT
November 3, 1997

NAME: Kelly, Brandon Dishon     AKA: Stephen Henry Palmer, Luchin
CASE NUMBER: 96-JD-41
DATE OF BIRTH: August 2, 1981

## PARENTAL INVOLVEMENT:

The minor has spoken with his mother, Dorothy Kelly-Ward, by telephone on several occasions. However, he has received no familial visits. Nothing unusual was noted concerning his phone calls with Ms. Kelly-Ward.

## DETENTION CENTER SCHOOL REPORT:

According to the Detention Center Educator the minor's test scores have remained the same as previously reported. His behavior, attitude, and academic progress have also remained as "good." The Detention Center Educator made the following comments regarding the minor:

> "Brandon is quiet and courteous in school. He completes his assignments willingly and demonstrates satisfactory progress."

Entries from the minor's daily behavior log indicate that he is "attentive" and "genuinely interested" in school. However, on other occasions his behavior in school has been described as "going through the motions." One entry indicated that he "tends to wander in school."

## DETENTION CENTER STAFF INVOLVEMENT:

Since the minor last appeared before the court his behavior has been inconsistent. For the most part, he has been cooperative, compliant and polite. The minor continues to be reserved, quiet, and puts forth a good effort on workouts. He consistently volunteers for chores and completes them in an excellent manner. The minor also appears to try hard at following the rules set before him. He keeps to himself and tries to avoid those who may get him in trouble.

However, records in his daily behavior log indicate that he is constantly trying to deceive staff. One entry stated that he "presents a silly, immature demeanor and attitude." He has been verbally reprimanded several times and has earned one restriction for talking to other detainees without permission. He has also earned

CHAMPAIGN COUNTY YOUTH DETENTION CENTER                    page 2
Juvenile Behavior Report, continued
Kelly, Brandon Dishon
96-JD-41

three restrictions for lying to staff, exhibiting inappropriate
behavior twice, talking in his room, and not following directions in
a timely manner.  Entries also present the minor as one who is
"sneaky", "sly" and one who "does not take detention seriously."

SUMMARY:

The minor has been generally well-behaved during this period of
detention.  However, inconsistencies in his behavior have caused him
to receive numerous restrictions.


Respectfully submitted,


Jason L. Berreth
Detention Officer
Court Services Department

Thomas E. Sexton
Detention Officer
Court Services Department

Probation and Court Services Department of Champaign County, **FILED**

| Adult Probation Division | Juvenile Probation Division | Juvenile Detention Division | SIXTH JUDICIAL CIRCUIT Intensive Probation Unit |
|---|---|---|---|
| Phone 384-3755 | Phone 384-3752 | Phone 384-3780 | Phone 384-8610 |

**OCT 22 1996**

COURTHOUSE ANNEX, ROOM 225
201 E. MAIN
URBANA, ILLINOIS 61801-3324
After hours phone (217) 384-3753

Lisa S. Fi. ~Joseph J. Corcon
CLERK OF THE CIRCUIT COURT          Director
CHAMPAIGN COUNTY, ILLINOIS

CHAMPAIGN COUNTY YOUTH DETENTION CENTER
DETENTION REPORT
October 22, 1996

<u>NAME:</u>  Kelly, Brandon Dishon  AKA:  Steven Henry Palmer
<u>CASE NUMBER:</u>  96-JD-41
<u>DATE OF BIRTH:</u>  August 2, 1981
<u>DATE AND TIME OF POLICE CUSTODY:</u>  October 22, 1996;  3:07a
<u>DATE AND TIME OF DETENTION CUSTODY:</u>  October 22, 1996;  3:45a
<u>PRESENT ALLEGED OFFENSE:</u>  Possession of Burglary Tools;   Attempted
                             Burglary to a Motor Vehicle;  Obstructing
                             Justice;  Warrant of Apprehension for
                             Failure to Appear at Dispositional Hearing
                             regarding an Aggravated Assault charge

<u>PARENTAL/LEGAL GUARDIAN INFORMATION:</u>
Mother:  Dorothy Kelly-Ward;  208 E. Hill, Champaign, IL  61820
Employer:  USDA
Father:  Samuel Weatherall;  deceased
Step-father:  Billy Ward;  208 E. Hill, Champaign, IL  61820
Employer:  Advantage Roofing

The minor's mother and legal guardian, Dorothy Kelly-Ward, was
notified of her son's detainment at 4:10a when she informed this
officer that he was lying about his name and that there is an active
warrant for his apprehension.  The minor was granted an intake
telephone call at that time.

Ms. Kelly-Ward also stated that the minor is currently listed as a
runaway.  She advised that he has been missing from her home since
Tuesday, October 15, 1996.  Ms. Kelly-Ward expressed her intentions
to attend the minor's hearing.

CONFIDENTIAL

<u>PRIOR CONTACTS:</u>

POLICE:

| DATE | OFFENSE | DEPARTMENT | DISPOSITION |
|---|---|---|---|
| 5-24-96 | Curfew Violation | CPD | Warned and released |
| 2-27-96 | Battery | CPD | State's Attorney |
| 10-9-95 | Burglary from Motor Vehicle | CPD | Informal Supervision |
| 12-13-94 | Battery | CPD | Case closed |
| 2-28-94 | Battery | CPD | School suspension |
| 5-4-93 | Battery | CPD | Juvenile petition |
| 4-11-89 | Retail Theft | CPD | Warned and released |

CHAMPAIGN COUNTY YOUTH DETENTION CENTER                          page 2
Detention Report, continued
Kelly, Brandon Dishon  AKA:  Steven Henry Palmer
96-JD-41

INFORMAL SUPERVISION:
Detention Center records indicate the minor has never participated in
the diversionary program offered in Champaign County.

PROBATION/PAROLE:
The minor has never served a community-based sentence in Champaign
County.  However, he failed to attend his Dispositional Hearing
regarding a charge of Aggravated Assault which was scheduled for
October 18, 1996 in courtroom D.

PRIOR DETENTION:
The minor has not been previously detained at this facility.

BEHAVIOR:
Although the minor lied to the arresting officer and to this officer
upon entering the facility, he was generally cooperative throughout
the intake process.  He was physically compliant and presented little
risk to others by his behavior.  Once he understood that he was being
detained, he appeared to accept the decision and cooperated with all
directives.

SUMMARY:
The minor was detained pursuant to a Warrant of Apprehension issued
by the Honorable Donald R. Parkinson.  Additionally, he was detained
for the protection of the property of persons in the community as
well as for his own protection, based upon the charges against him.

Respectfully submitted,

Jnanne Flentje (R)
Jnanne Flentje
Detention Officer
Court Services Department

CONFIDENTIAL



FILED
SIXTH JUDICIAL CIRCUIT
JUL 27 1998
Linda S. F....
CLERK OF THE CIRCUIT COURT
CHAMPAIGN COUNTY, ILLINOIS

## SIXTH JUDICIAL CIRCUIT
## CHAMPAIGN COUNTY

### THE HONORABLE THOMAS J. DIFANIS

IN THE INTEREST OF

ADJUDICATION FOR

ORIGINAL OFFENSE:
**Aggravated Assault**
PETITION TO REVOKE:
**Technical Violations**

**BRANDON D. KELLY**

CASE NUMBER: **96-JD-41**

### UPDATE
### DISPOSITIONAL REPORT

STATE'S ATTORNEY

DEFENSE ATTORNEY

**CHASE LEONHARD**

**PAM BURNSIDE**

Now on this 30th day of July 1998, the undersigned officer of this Court respectfully submits the following report concerning the respondent minor, Brandon D. Kelly.

### RESPONDENT INFORMATION

RESIDENCE: 208 E. Hill, Champaign, IL. 61820

PHONE: 352-2452

BIRTHDATE/AGE:  08/02/81 16 years 11 months

SSN: 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

HEIGHT/WEIGHT: 5'6"/125

HAIR/EYES: Black/brown

RACE: Black

ID MARKS: Tattoo on right bicep

SEX: Male

OCCUPATION: None

SCHOOL/GRADE: Non-attender

INTERESTS: Cars, basketball

ECONOMIC STATUS: No assets or liabilities reported

CONFIDENTIAL

NATURAL MOTHER: Dorothy Kelly-Ward
ADDRESS/PHONE: Same as minor

NATURAL FATHER: Samuel Weatherall
ADDRESS/PHONE: Deceased

STEP-FATHER: Willie Ward
ADDRESS/PHONE: Same as minor

003213

2



**UPDATE DISPOSITIONAL REPORT**
**BRANDON D. KELLY**
**96-JD-41**

### FAMILY INFORMATION

The minor reports he was residing with Darrel Johnson at 1201 W. Division in Urbana throughout the time the Warrant of Apprehension was active. He reports that he "lived there the whole time" and that he "didn't have the number" to the Probation Office to contact the IJS Unit. The respondent reports he "didn't know" he had been dropped from school and that he "didn't know about Court." Brandon reports that he would "stay in the house mostly" and that he was not at his mother's residence as he and the respondent mother "weren't getting along."

The respondent mother reports that she was unaware of the minor's exact whereabouts. She reports that she knew "the vicinity" of where the minor may be staying but was unaware of any exact address. Ms. Ward reports that she "knows of" Darrell Johnson but does not know him personally or of any specific information regarding Mr. Johnson.

### PRIOR COURT/POLICE INVOLVEMENT

PRIOR COURT INVOLVEMENT:



11/03/97: Dispositional Hearing held. Respondent minor is sentenced to 12 months Intensive Juvenile Services Probation.

01/05/98: Probation Violation Report on file.

01/15/98: Petition to Revoke Probation filed this date.

02/24/98: Admonition Hearing held. No appearance by the minor. Warrant of Apprehension to issue.

06/08/98: Cause called for detention hearing. Minor is admonished as to the nature and allegations as contained in the Petition. Minor admits and stipulates to the matter of immediate and urgent necessity to detain. Cause allotted for adjudicatory hearing to 06/19/98.

06/19/98: Cause called for status hearing. Minor admits and stipulates to the Petition to Revoke Probation. Cause allotted for dispositional hearing to 07/30/98 at 1:30 p.m. Minor is remanded to the custody of YDC pending dispositional proceedings.          CONFIDENTIAL

PRIOR DETENTION RECORD

For information regarding the minor's behavior and compliance while detained at the Champaign County Youth Detention Center, this officer would refer the Court to reports previously placed on file by YDC staff.

003214

3



UPDATE DISPOSITIONAL REPORT
BRANDON D. KELLY
96-JD-41

## EDUCATION

After being sentenced to Intensive Probation, the minor enrolled in Central High School for the remainder of the 97-98 academic year. Consequently however, the minor was subsequently dropped from attendance at Central on 12/15/98 due to being "chronically truant from school." Accordingly, the minor did not earn any grades or accrue any discipline information during the time that he was enrolled.

## ADJUSTMENT WHILE ON INTENSIVE PROBATION

On 11/03/976, the above named minor was sentenced to Intensive Probation for a period of 12 months subject to the standard conditions of Probation as well as the following additional conditions: report as directed; comply with a curfew as directed; pay Court costs and Probation Service Fee as directed and cooperate with any and all referrals as directed by the Probation Office. The minor has complied with these conditions of his Probation as follows:

The minor was assigned a 7:00 p.m. to 7:00 a.m. curfew unless given a valid curfew extension from the IJS Unit to be out after those hours. As outlined in the Probation Violation Report filed 01/05/98, the minor violated his curfew requirements on 25 separate occasions. For specific dates and times, this officer would refer the Court to the Petition to Revoke Probation filed 01/15/98. Consequently, as the minor was not available to be contacted by the IJS Unit, he failed to report as directed and no specific referrals were made in regards to the minor obtaining any counseling. In addition, the minor did not make himself available for any urine tests to be conducted for the purpose of detecting any illegal substances.

## VICTIM IMPACT

As the Petition to Revoke Probation for which the minor is before the Court involves technical violations of the minor's probation, no victim impact information is necessary for the purpose of this report.

CONFIDENTIAL

## ADDITIONAL INFORMATION

Pursuant to the Court's order, an Intensive Juvenile Services Suitability Report was prepared by this officer and is attached hereto. This officer would note that the minor was found to be an appropriate candidate for participation in the IJS program.

In addition, both Centerpoint and Prairie Center for Substance Abuse have assessed the respondent at the request of defense counsel. However, as of the filing of this report, this officer has not been provided a copy of those assessments.



003215

4

PDATE DISPOSITIONAL REPORT
BRANDON D. KELLY
6-JD-41

## ANALYSIS/RECOMMENDATION

This 16 year 11 month old respondent minor is presently before the Court pursuant to a Petition to Revoke his Intensive Probation regarding technical violations. After a Probation Violation Report being filed, this respondent had no contact with the IJS Unit for a period of 5 months and failed to appear at his Admonition Hearing for the Petition. He reported to this officer that he "didn't have the number" to this office and therefore, made no attempts to contact his assigned Probation Officer. Prior to that time, this minor did not attend school as directed and was ultimately dropped from the roles. He also blatantly violated his Court-ordered curfew and did little or nothing to satisfy his Court orders.

This officer is of the opinion that there is nothing in this report that warrants this respondent being granted another community based sentence. He has shown this Court, as evidenced by his previous actions, that he has no intentions of following the rules as given to him and does not wish to take advantage of the Intensive Probation program offered in this county.

Perhaps a period of incarceration will open the minor's eyes and make him come to the realization that an education is important and that we all must abide by the rules of society. Perhaps then, he will realize the consequences of his activities.

Accordingly, this officer tenders the following recommendation for the Court's consideration.

## RECOMMENDATION

This officer respectfully recommends that Brandon D. Kelly be committed to the Illinois Department of Corrections, Juvenile Division.

Respectfully submitted,

R. Rush Record
Intensive Juvenile Services Officer

CONFIDENTIAL

003216



SIXTH JUDICIAL CIRCUIT
CHAMPAIGN COUNTY

THE HONORABLE THOMAS J. DIFANIS

FILED

OCT 29 1997

Linda S. Frank
CLERK OF THE CIRCUIT COURT
CHAMPAIGN COUNTY, ILLINOIS

| | |
|---|---|
| IN THE INTEREST OF | ADJUDICATION FOR PETITION TO REVOKE PROBATION (TECHNICAL VIOLATIONS) ORIGINAL OFFENSE: AGGRAVATED ASSAULT |
| BRANDON KELLY | CASE NUMBER: 96-JD-41 |

## DISPOSITIONAL REPORT

| | |
|---|---|
| STATE'S ATTORNEY | DEFENSE ATTORNEY |
| CHASE LEONHARD | DAMIAN LOWE |

Now on this __3rd__ day of __November__, A.D. 1997 the under-signed officer of this Court respectfully submits the following report concerning the respondent minor __Brandon Kelly.__

## RESPONDENT INFORMATION

RESIDENCE: 208 E. Hill
            Champaign, IL

PHONE: 352-2452

BIRTHDATE/AGE: 08/02/81 (16 years, 3 months)  SSN: 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

HEIGHT/WEIGHT: 5'1"/110 lbs

HAIR/EYES: Black/Brown

RACE: Black

ID MARKS: Tattoo on Right Bicep

SEX: Male

CONFIDENTIAL

SCHOOL/GRADE: Non-Attender

OCCUPATION: None

ECONOMIC STATUS: No significant assets or
                liabilities are noted

INTERESTS: Likes to work on cars

NATURAL MOTHER: Dorothy Kelly-Ward
ADDRESS/PHONE: 208 E. Hill
             Champaign/352-2452
EMPLOYMENT: Farm and Home Association

NATURAL FATHER: Samuel Weatherall
                Deceased

STEP-FATHER: Willy Ward, 208 E. Hill, Champaign, IL

003220

DISPOSITIONAL REPORT                    2
BRANDON KELLY
96-JD-41

## FAMILY INFORMATION

PARENT'S MARITAL STATUS:

The respondent minor's natural parents never married.  Ms. Kelly-Ward
married Mr. Ward on 02/11/95.

REPORTED SOCIAL ADJUSTMENT:

On 01/02/97, the respondent mother telephone this officer to report
that the minor was not complying with household rules or his court
ordered curfew.  She stated that the respondent had not complied with
his curfew since his release from the Youth Detention Center on
11/01/96.  She also stated, during the conversation, that he had
stayed out over night on a few occasions.  In a phone conversation
with Ms. Kelly-Ward on 10/27/97, she reported that the respondent is
"doing okay" he is not staying out all night like he had previously.
She related that he does his assigned chores at home, cleans his room
"to his expectations, not mine."  She also indicated that he has been
coming home by her curfew of 10:30 p.m.

OTHERS REPORTED IN THE HOME:    Yes  XX   No _____

Also residing in the home are the minor's step-father, Mr. Ward; his
brother, Aaron (age 17); and his twin sister, Brandy (age 16)

## PRIOR COURT/POLICE INVOLVEMENT

PRIOR COURT INVOLVEMENT:  Yes  XX   No _____

11/01/96: A Dispositional Hearing was held and the respondent minor
was placed on Probation for a period of 12 months for the offense of
Aggravated Assault.

04/03/97: A Petition to Revoke Probation was placed on file alleging
that the respondent minor had not registered for any school or
education program by 04/02/97, in violation of his Probation.  The
respondent minor is admonished as to the contents of the Petition to
Revoke placed on file.

10/09/97: An Adjudicatory Hearing was held and the minor admits and
stipulates to the Petition filed on 04/03/97.  A
Dispositional Hearing is set for 11/03/97 and the respondent is to be
held in detention pending that hearing.

PRIOR INFORMAL SUPERVISION PROGRAM:  Yes _____  No  XX

CONFIDENTIAL

DISPOSITIONAL REPORT                    3
BRANDON KELLY
96-JD-41

## PRIOR COURT/POLICE INVOLVEMENT (cont.)

PRIOR POLICE CONTACTS:   Yes  XX    No _____

| DATE | OFFENSE | DEPARTMENT | DISPOSITION |
|------|---------|------------|-------------|
| 04/11/89 | Retail Theft | CPD | Warned and Released |
| 05/04/93 | Battery | CPD | Juvenile Petition |
| 02/28/94 | Battery | CPD | School Suspension |
| 12/13/94 | Battery | CPD | Case Closed |
| 10/09/95 | Burglary from Motor Vehicle | CPD | ISP |
| 02/07/96 | Battery | CPD | States' Attorney |
| 05/24/96 | Curfew Violation | CPD | Warned and Released |
| 10/14/96 | Runaway | CPD | Disposition Pending |
| 10/15/96 | Motor Vehicle Theft | CPD | Disposition Pending |
| 10/22/96 | Burglary from Motor Vehicle | CCSD | None Listed |
| 10/23/96 | Assist other Agency | UPD | Refer to CCSD |
| 11/28/96 | Residential Burglary | CPD | Disposition Pending |
| 12/29/96 | Possession of a Stolen Vehicle | RPD | Counseled and Released |
| 04/02/97 | Mob Action/Compelling Organization Membership of Persons | CPD | Juvenile Petition |

PRESENT/PRIOR DETENTION RECORD:     Yes  XX    No _____

The minor served a period of detention on the following dates:

   10/22/96 - 11/01/96: Warrant of Apprehension for Failure to
   Appear at a Dispositional Hearing and Attempted Burglary
   from Motor Vehicle, Possession Burglary Tools, Obstructing
   Justice.

   03/05/97 - 03/25/97: Warrant of Apprehension for Failure to
   Appear at Petition to Revoke Hearing/Court Ordered 19 day
   sentence for Aggravated Assault.

   04/02/97 - 04/03/97: Compelling Organization membership of
   Persons - Released at Detention Hearing.

   10/01/97 - 11/03/97: Warrant of Apprehension for Failure to
   Appear at Petition to Revoke Hearing/Held pending Disposi-
   tion.

Regarding the respondent's behavior while detained at the Champaign
County Youth Detention Center, this officer would refer the Court to
the CCYDC Juvenile Behavior Reports prepared and placed on file by
CCYDC staff.

003222

DISPOSITIONAL REPORT                    4
BRANDON KELLY
96-JD-41

## ADJUSTMENT WHILE ON PROBATION

On 11/01/96, the respondent minor was placed on Probation for a
period of 12 months, subject to the standard conditions of Probation
as well as certain additional conditions, namely: Report to the
Probation Office as directed; participate in any program to which he
is referred, to include mental health treatment and tutoring; pay
court costs within 6 months; complete a letter of apology to the
victim; refrain from all gang activity; and abide by a 7:00 p.m.
curfew, until 05/31/97.  The respondent has abided by these condi-
tions as follows:

The respondent failed to appear at scheduled office visits on the
following dates: 01/09/97 and 01/28/97.  On 11/18/96, this officer
provided the respondent mother with names of possible counselors for
the minor; however, he refuses to participate in any counseling.  The
minor has paid no monies towards court costs or completed the letter
of apology.

With regards to the minor refraining from gang activity, he reported
to this officer that he considers himself to be a Gangster Disciple,
but he "has not been initiated, so is not affiliated." The respondent
previously reported that he had not abided by his Court ordered
curfew when this matter was before the Court at the Remission Hearing
on 03/06/97.  It is unknown if the minor complied with the curfew
following his released from the Youth Detention Center, due to the
fact that the minor was on Warrant Status since 04/10/97.

## EDUCATION

The respondent minor is not currently enrolled in any education
program.  Although the minor did register at Central High School for
the 1997-1998 school year, he was dropped from enrollment on 08/29/97
for non-attendance.  The respondent attended Central High School for
2 weeks at the beginning of the 1996-1997 school year, but failed to
attend the rest of the school year.  He has not attend school regu-
larly since the completion of his 8th grade year (1995-1996) at
Franklin Middle School.

The respondent reported that he had not been attending school due to
being sexually abused by a Franklin School Administrator.  When asked
what he does all day while not in school, the minor stated that he
"sits home and watches TV".

## AGENCY INVOLVEMENT

The respondent minor and mother report no new agency involvement
since the previous report was placed on file on 11/01/96.

CONFIDENTIAL

DISPOSITIONAL REPORT                     5
BRANDON KELLY
96-JD-41

### ADDITIONAL INFORMATION

The minor reported that he first used marijuana at age 14.  He states
that he "just tried it".  He states that he does not drink alcohol.

Pursuant to the Court's orders, an Intensive Juvenile Services (IJS)
Suitability Report was prepared by Officer Tom Brown.  According to
the attached report, the minor was found to be an acceptable candi-
date.

### ANALYSIS

Before the Court today is a 16 year, 3 month old respondent minor,
who is awaiting a Redispositional Hearing for the offense of Aggra-
vated Assault.  This is a minor who has not regularly attended school
since he was 14 years old.  According to Ms. Kelly-Ward, the respon-
dent indicated that he wishes to attend Central High School.  Howev-
er, he has yet to follow thru with that desire.  He was registered
for this school year, but was dropped from enrollment after not
attending even 1 day.  Although the respondent believes he has a
valid reason for not going to school, the administrator the
allegations have been made against works at a different school than
the minor should be attending.  If the respondent minor is to be a
productive citizen, he must get an education and not spend his day,
as the minor reported, "watching TV".

He has refused to cooperate with any counseling services that may
help him deal with his fears of school.  His mother has attempted
many times to enroll him in school and get him the counseling that he
needs, but the minor refuses to comply.  The respondent minor has
shown with his lack of compliance with his Court ordered conditions
of Probation that he will not abide by the rules of a community based
sentence.  This officer believes that the only way the minor will get
the education and counseling that is in his best interest is for him
to be in a structured environment.  Therefore, this officer tenders
the following recommendation.

### RECOMMENDATION

This officer respectfully recommends that the minor be committed to
the Department of Corrections - Juvenile Division.

                          Respectfully submitted,

                          *Melissa A. Mitchell*
                          Melissa A. Mitchell
                          Probation Officer

003224

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT

CHAMPAIGN COUNTY, ILLINOIS

THE HONORABLE THOMAS J. DIFANIS

| | | |
|---|---|---|
| IN THE INTEREST OF | ) | ADJUDICATION FOR PETITION TO REVOKE PROBATION (TECHNICAL VIOLATIONS)/ORIGINAL OFFENSE: AGGRAVATED ASSAULT |
| BRANDON KELLY | ) | CASE NUMBER: 96-JD-41 |

### IJS SUITABILITY REPORT

Now on this __3rd__ day of __November__, A.D., 19 __97__, the undersigned officer of this Court respectfully submits the following report concerning the respondent minor ___Brandon Kelly___.

On October 29, 1997, a Suitability Interview was conducted by Court Services Officer Thomas A. Brown to determine Brandon Kelly's eligibility and willingness to participate in the Intensive Juvenile Services (IJS) Program. During the interview, a copy of the Certificate of IJS Probation was reviewed, each condition of IJS Probation was explained in detail and all questions or concerns were addressed. At the conclusion of the interview, Brandon Kelly signed the attached Agreement to Participate Form.

Following the above-mentioned interview, and after reviewing the Dispositional Report, it has been determined that Brandon Kelly meets the minimum acceptance criteria established by the IJS Program.

The factors considered were as follows:

1. The respondent minor is before the Court for an offense which does not require mandatory transfer to adult court.

2. The respondent minor is a resident of Champaign County and has agreed to remain a resident during his probation period.

3. The respondent minor agreed to cooperate in all facets of the IJS Program.

4. The respondent minor is eligible for commitment to the Illinois Department of Corrections, Juvenile Division.

5. Neither the offense for which the minor is before the Court, nor his prior delinquent record, pose a threat to the safety of the general public or the officers of the IJS Unit.

CONFIDENTIAL

IJS SUITABILITY REPORT          2
BRANDON KELLY
95-J-280

6.  Mrs. Dorothy Kelly-Ward, the respondent mother was interviewed by
telephone on October 26, 1997.  Cooperation with IJS staff and
support of Mrs. Kelly-Ward were assured.

Again, should the Court consider the IJS Program to be an appropriate
dispositional alternative, Brandon Kelly meets the acceptance crite-
ria established for IJS clients.

                    Respectfully Submitted,

                    Thomas A. Brown
                    Intensive Juvenile Services Officer

CONFIDENTIAL

003226

INTENSIVE JUVENILE SERVICES PROGRAM
AGREEMENT TO PARTICIPATE

As a minor assigned to the Intensive Juvenile Services (IJS) Program,
the respondent will be required to comply with all regulations of the
Program.  The respondent minor must follow the guidelines estab-
lished, without exception, unless changes are sanctioned, in writing,
by officers of the Intensive Juvenile Services Unit.  Violation of
any conditions of Probation may result in the arrest of the minor.
Without compliance with all regulations of IJS, the minor may not
anticipate promotion through the Phases of the Intensive Juvenile
Services Program.  Any movement from one level of the IJS Program to
another may only be approved, in written form, by officers of the
Unit.  There will be no exceptions.

   * Report to the Champaign County Court Services Department in whatever
     fashion as directed by an IJS Officer.
   * The respondent minor must maintain residence in Champaign County
     during the period of Probation.
   * Home Detention:  Confined to home (no exceptions).
   * Phase One:  7:00 PM to 7:00 AM curfew (all days - extensions available).
   * Phase Two:  9:00 PM to 7:00 AM curfew (all days - extensions available).
   * Phase Three:  10:00 PM to 7:00 AM curfew (all days - extensions available).
   * Daily monitoring of school progress.
   * Whenever directed to do so by a Probation Officer or any law enforcement
     officer of the State of Illinois, submit to a search of his/her person,
     papers or effects.
   * On any day the minor is absent from school, he/she will be required
     to remain in his/her residence until returning to school.
   * Must not be present on property of any Champaign County schools,
     other than school of enrollment, without prior consent of the IJS
     Unit.
   * Must refrain from being present on the campus of the University of
     Illinois unless accompanied by parent/guardian/custodian, or unless
     given advance permission by the IJS Unit.
   * Must obtain and maintain employment commensurate with school schedule.
   * Must submit to urinalysis for the detection of non-prescription drug
     use within the first 30 days of Probation.  A subsequent test shall
     occur within 14 days of an initial positive test.  Further drug
     testing may be required at the discretion of the IJS Unit.
   * Full cooperation with referred agencies to include individual and
     family counseling (as directed).
   * Completion of a minimum of 60 hours of Public Service Work (as directed).
   * Make efforts to pay restitution and Court costs (as directed).
   * Must refrain from contact with any persons or locations as designated,
     in writing, by the IJS Unit.
   * Compliance with all other standard and/or special conditions of
     Probation as ordered by the Court.

I, the undersigned, do hereby agree to participate in the Intensive
Juvenile Services Program, should the Court decide that the IJS
Program is an appropriate dispositional alternative.  I have had the
details of the Program fully explained to me and understand that my
full cooperation and compliance with the Program's rules and regula-
tions is absolutely required.  I, therefore, also agree to abide by
all of the rules of Probation, the rules and regulations of the
Intensive Juvenile Services Program, and special orders of the
Court.

_Brandon. Kelly_____     _10 -28-97._____
Respondent Minor                      Date

_Thomas C. Bm_____
Intensive Juvenile Services Officer   Parent/Guardian/Custodian   003227

# CHAMPAIGN COUNTY PROBATION AND COURT SERVICES

Joseph J. Gordon
Director

Room 225, Courthouse Annex, 201 E. Main Street •Urbana, IL 61801•217-384-3753•Fax (217)384-1264

Adult Probation Division
Roger D. Nelson
Deputy Director

After Hours Messages
384-3753 (Standard Services)
384-8610 (IPS)

Juvenile Probation Division
Robert R. Donovan
Deputy Director

Juvenile Detention Division
1601 E. Main
Urbana, IL 61802
Phone (217) 384-3780
Fax (217) 384-8617

**FILED**
SIXTH JUDICIAL CIRCUIT
JUL 3 0 1998
Linda S. Frank
CLERK OF THE CIRCUIT COURT
CHAMPAIGN COUNTY, ILLINOIS

CHAMPAIGN COUNTY YOUTH DETENTION CENTER
JUVENILE BEHAVIOR REPORT
July 29, 1998

NAME: Kelly, Brandon Dishon   AKA: Stephen Henry Palmer, Luchin
CASE NUMBER: 96-JD-41
DATE OF BIRTH: August 8, 1981   Alias DOB: August 8, 1980

PARENTAL INVOLVEMENT:

The minor has spoken with his mother, Dorothy Kelly-Ward, by tele-
phone on several occasions and has also received several visits.

OTHER AGENCY INVOLVEMENT:

The minor was transported on July 7, 1998 and on July 9, 1998 to
Centerpoint for an evaluation.

**CONFIDENTIAL**

DETENTION CENTER SCHOOL REPORT:

According to tests administered by the Detention Center Educator, the
minor is currently working at the 4.1 academic grade level in math,
the 8.3 academic grade level in oral reading, and the 6.3 academic
grade level in reading comprehension. The minor's behavior, attitude
and academic progress were rated "good". The minor last attended the
11th grade at Central High School. The Educator made the following
comments concerning his thirteen days of class room participation:

> "Brandon's demeanor in school is quiet and polite.
> Although he does not display enthusiasm, he participates
> willingly in class activities and displays satisfactory
> effort on his assignments."

DETENTION CENTER STAFF INVOLVEMENT:

During his detainment the minor has been generally well mannered and
behaved but occasionally succumbs to peer pressure and acts out. He
occasionally volunteered for chore assignments and usually did a good
job. Brandon participated in Detention Center activities but not very
enthusiastically. The minor has earned two restrictions for not
following staff direction and unauthorized communication with another
minor.

The minor was transferred to Southwest Indiana Regional Youth Village
on June 22, 1998 and returned to Champaign County on June 24, 1998.
He was again transferred to Kane County Detention on July 16, 1998
and returned to Champaign County on July 28, 1998. Behavior reports
were not available from those facilities.



003228

CHAMPAIGN COUNTY YOUTH DETENTION CENTER                    page 2
Juvenile Behavior Report, continued
Kelly, Brandon Dishon
96-JD-41

SUMMARY:

The minor has shown he has the ability to conform his behavior to the
rules of secure detention.

Respectfully submitted,

*Thomas J. Harrocks*
Thomas J. Harrocks
Detention Officer
Court Services Department

CONFIDENTIAL

003229

# ILLINOIS INTENSIVE PROBATION SUPERVISION PROGRAM
## JUVENILE CASE INFORMATION FORM — ADMISSION

(Side 1)

| AOIC Use: | |
|---|---|
| Rec'vd | |
| Checked | |
| Entered | |
| Proofed | |

## I. CASE IDENTIFIERS

| | |
|---|---|
| **1. COUNTY** | CHAMPAIGN |
| 2. IPS START DATE | 11/02/97 |
| **3. Name (last)** | KELLY |
| (First) BRANDON | **M.I.** D |
| **4. Court Case Number** | 96-JD-41 |
| **5. Soc. Sec. Number** | 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 |
| **6. Date of Birth** | 08/02/81 |
| **7. Age** 16 **Sex:** Male | X Female |

**9. Race** (X the one that is most appropriate)

| | | | |
|---|---|---|---|
| X | 1. Asian | | 4. Hispanic |
| | 2. Black | | 5. White |
| | 3. American Indian | | 6. Other |

## II. Education

| | |
|---|---|
| 1. Education Status at time of offense | 3 |
| 2. Education status at time of entry | 3 |
| 3. Education - years completed | 8 |

EDUCATION 1. Enrolled Full Time
(Sec II 1and 2) 2. Enrolled Part Time
3. Dropped Out
4. Expelled

## III. PRESENT OFFENSE/DISPOSITIONAL INFORMATION

| 1. Offense | 2. Class | 3. Mos. Prob. | 4. Det. (days) |
|---|---|---|---|
| AGG. ASSAULT (VOP) | A | 12 | 0 |
| | | | |
| | | | |

| 5. SOCIAL HIST | YES |
|---|---|
| 6. Screened | YES |
| 7. IPS recom. | NO |

**8. Treatment Ordered (x all that apply)**

| a. Inpatient | |
|---|---|
| b. Outpatient | |
| c. To be determined | X |

**9. Court Ordered payments**

| a. Court costs | TBD | |
|---|---|---|
| b. Fine | N/A | |
| c. Restitution | $0.00 | |
| d. Probation fees ($/mo.) | $5.00 | |
| e. Drug testing fees assessed | | No |
| f. electronic monitoring fees | | No |
| g. Other fees assessed | | No |

## IV. PREVIOUS OFFENSE INFORMATION

| 1. Prior Adjudication(s) | |
|---|---|
| By type: | |
| a. Delinquent | 0 |
| b. Abuse/Neglect | 0 |
| c. MRAI | 0 |
| d. Addicted Minor | 0 |

| 2. Prior Post-Disposition Incarceration Terms | #'s |
|---|---|
| a. Detention | 1 |
| b. IDOC | 0 |

CONFIDENTIAL

## V. TREATMENT SERVICES

| | 1. Received in last 12 months for: | 2. Officer's perception need for: |
|---|---|---|
| a. Alcohol | | |
| b. Drugs | | |
| c. Sexual Offending | | |
| d. Mental Health | | X |
| e. Education | | X |
| f. Vocational Training | | |
| g. Employment | | X |

Comments: _____

STAFF COMPLETING REPORT  11/6/97

SIGNATURE OF APPROVAL BY UNIT SUPERVISOR

003230

(ide 2)                    **JUVENILE - EXIT**

| AOIC use: | |
|---|---|
| Received | |
| Checked | |
| Entered | |
| Proofed | |

## I. CASE STATUS AT IPS EXIT:

(Indicate the number for each of the following **PHASE** since the IPS Start date) **LEVEL** (# of)  **2**

| | |
|---|---|
| 1. Arrests | 0 |
| 2. Curfew Violations | 25 |
| 3. Positive Alcohol/Drug Test | 0 |
| 4. Office Visit Noncompliance | 0 |
| 5. Treatment Noncompliance | 0 |
| 6. Internal Discipline Actions | 0 |

## II. DAYS SERVED ON ELECTRONIC MONITORING

| | |
|---|---|
| | 0 |

## III. TREATMENT RECEIVED

| ON IPS: | (#) Days | (y/n) Effective |
|---|---|---|
| 1. Alcohol Inpatient | | |
| 2. Alcohol Outpatient | | |
| 3. Drug Abuse Inpatient | | |
| 4. Drug Abuse Outpatient | | |
| 5. Sex Offender Therapy Inpatient | | |
| 6. Sex Offender Therapy Outpatient | | |
| 7. Other Mental Health Inpatient | | |
| 8. Other Mental Health Outpatient | | |

## IV. SERVICES RECEIVED

| ON IPS | (X) | y/n Effective |
|---|---|---|
| 1. Education | | |
| 2. Vocational Training | | |
| 3. Employment | | |
| 4. Other (Specify Below) | | |
| 5. None | | |

## V. EDUCATION AND EMPLOYMENT

| | |
|---|---|
| 1. Educational Status (years Completed) | 8 |
| 2. Employment Status | 3 |

Employment:
1. Full Time          2. Part Time
3. Not in Labor Force   4. Unemployed

## VI. IPS CASE TERMINATION INFORMATION

| | | 'X' | MOS. |
|---|---|---|---|
| 1. IPS Exit Date | | 07/30/01 | |
| 2. IPS Exit Type | | 'X' | MOS. |
| a. Exit by Discharge W/O Reg. Prob. | | | |
| b. Exit to Regular Probation | | | |
| c. Committed to IDOC | | X | TBD |
| d. Resentenced to Regular Prob. | | | |
| e. Resentenced to County Jail | | | |
| f. Other (Specify Below) | | | |

| 3. New Offense Convictions | | 'X' |
|---|---|---|
| a. Revocation | | |
| b. Modification | | |
| c. Other (Specify Below) | | |

| 4. Offense | Felony Class | Misd. Class |
|---|---|---|
| a. | | |
| b. | | |
| c. | | |
| d. | | |

| 5. Technical Violations | | |
|---|---|---|
| a. Revocation | | |
| b. Modification | | |
| c. Violation Type Code | 2 | 7 |

Violation Type Codes:
| | |
|---|---|
| 1. Curfew Violation Electronic | 5. Treatment Noncompliance |
| 2. Curfew Violation personal | 6. P/CS Noncompliance |
| 3. Positive Alcohol/Drug Tests | 7. Absconded |
| 4. Office Visit Noncompliance | 8. Other |

## VII. FEES, COSTS & PC/S HOURS   (To Date)

| | | |
|---|---|---|
| 1. Restitution Paid | $ | N/A |
| 2. Court Costs Paid | $ | 0 |
| 3. Fines Paid | $ | N/A |
| 4. Probation Fees Paid | $ | 0 |
| 5. Drug testing fees paid | $ | N/A |
| 6. Electronic Monitor. Fee Paid | $ | 0 |
| 7. Other fees Paid | $ | N/A |
| 8. P/CS Hours Completed | | 0 |
| 9. Taxes withheld | $ | unk |

Comments: _____

_____

_____

# IN THE CIRCUIT COURT
# SIXTH JUDICIAL CIRCUIT
# CHAMPAIGN COUNTY, ILLINOIS

**IN THE INTEREST OF**

Brandon Kelly

**CASE NUMBER:** _96_ -JD- _41_

**OFFENSE:** _Agg. Assault_

## ORDER OF CONDITIONS

Now on this _3rd_ day of _November October_, 19_97_, it is hereby ordered that the minor is adjudicated a delinquent minor. A Dispositional Hearing has been held and the Court has considered all reports and evidence offered. *IT IS HEREBY ORDERED THAT THE RESPONDENT MINOR IS:*

Granted Court Supervision for a period of _____ months and subject to the following conditions:
or

Made a Ward of the Court and is placed on (Probation/Conditional Discharge) for a period of _12_ months and subject to the following conditions:

☐ Yes  The respondent minor, upon committing a technical violation of the Order of Conditions,
☒ No   is subject to the Administrative Sanctions Program.

1. The respondent minor must not violate any criminal statute of any jurisdiction.
2. The respondent minor must report in person to the Champaign County Court Services Department as directed.
3. The respondent minor must refrain from possessing a firearm or other dangerous weapon.
4. The respondent minor must not leave the State of Illinois without the consent of the Court, or in circumstances in which the consent of the Court is not possible, without the prior notification of the minor's probation officer.
5. The respondent minor must permit the probation officer to visit in his/her home, or elsewhere to the extent necessary to discharge his/her duties.
6. The respondent minor must advise the Probation Officer immediately of any change of residence, telephone number, school, or employment.
7. The respondent minor must attend school regularly, obey and abide by all school rules and regulations, and not be tardy to or at school.
8. The respondent minor must not be present on the University of Illinois campus unless he/she is in the presence of his/her parent, guardian or custodian or unless provided advance permission by the probation officer.
9. The respondent minor must refrain from consumption of any alcoholic beverages or the use of any illicit drugs prohibited by the Cannabis Control Act or the Illinois Controlled Substances Act, unless prescribed by a physician. At the direction of the Probation Office, the respondent minor must submit to testing of his/her breath, blood, or urine to determine therein the presence of drugs or alcohol.
10. The respondent minor must pay Court costs to the Champaign County Circuit Clerk, as directed, within _9_ months.
11. The respondent minor must pay restitution in the amount of _____ within the first _____ months.
12. The respondent minor must pay a Probation Service Fee of $5.00 per month for a total of _60.00_ to be paid within _9_ months.

## The respondent minor is further ordered to comply with the following additional conditions as marked.

☒ 13. The respondent is to serve the initial period of probation under the Intensive Juvenile Services probation provisions and abide by its conditions which are attached, as well as the following additional conditions.

003232

**NAME:** B. Kelly          **CASE NUMBER:** 96 -JD- 41

☐ 14. The respondent minor must perform _____ hours of public service employment within the first ____ months of the term.

☒ 15. The respondent minor must cooperate with any and all recommendations made by any agency program to which he/she is referred by the probation officer and sign all necessary releases so Court Services can monitor the services provided.

     ☐ Substance Abuse      ☐ Sex Offender Treatment      ☒ Mental Health Treatment

     ☐ Family Life Skills      ☐ Anger Control Counseling      ☐ DCFS

     ☒ Other: _psych. eval + all recommendations_

☐ 16. The respondent minor must undergo medical testing pursuant to 730 ILCS 5/5-5-3 (g).

☐ 17. The respondent minor must submit a blood specimen for DNA analysis. Furthermore, pursuant to 705 ILCS 405/1-7 (B)(1), the respondent is to submit to the fingerprinting process with said print (thumbprint) to be transmitted to the Illinois State Police by the probation officer.

☐ 18. The respondent minor must refrain from contact with corespondent(s)/victim(s): _____

☐ 19. The respondent minor is to write a letter of apology to the victim within the first 30 days of the term. Said letter to be submitted to the assigned officer for approval, prior to mailing.

☐ 20. The respondent is subject to a daily curfew of _____ p.m. to _____ a.m. until _____.

☐ 21. The respondent minor must tour the Champaign County Youth Detention Center.

☐ 22. The respondent minor must obey and abide by household rules.

☐ 23. The respondent minor must serve a period of _____ days in the Champaign County Youth Detention Center/Champaign County Correctional Center with said sentence to commence immediately/or on _____ and ending on _____.

☐ 24. The respondent minor must serve a period of _____ days in the Champaign County Youth Detention Center/Champaign County Correctional Center subject to remission. The minor is to appear for a remission hearing set for _____ at _____ a.m./p.m. in Courtroom _____.

☐ 25. Other: _____

**ACKNOWLEDGEMENT**

I, the undersigned respondent minor, and parent/guardian acknowledge that a violation of any of the conditions contained in this certificate (and attachment, if any) can result in the filing of a Petition To Revoke. I also hereby acknowledge receipt of a copy of this certificate and understand the meaning of the conditions listed.

Respondent Minor: _Brandon. Kelly._    Date: _11/3/97_

Parent/Guardian: _Dorothy R. Kelly-Hart_    Date: _11/3/97_

Probation Officer: _Melissa A. Mitchell_    Date: _11-3-97_

Enter: _Thomas J. Difanis_    Date: _11/3/97_
         Judge

CONFIDENTIAL

003233

### INTENSIVE JUVENILE SERVICES PROGRAM
### AGREEMENT TO PARTICIPATE

As a minor assigned to the Intensive Juvenile Services (IJS) Program, the respondent will be required to comply with all regulations of the Program.  The respondent minor must follow the guidelines established, without exception, unless changes are sanctioned, in writing, by officers of the Intensive Juvenile Services Unit.  Violation of any conditions of Probation may result in the arrest of the minor. Without compliance with all regulations of IJS, the minor may not anticipate promotion through the Phases of the Intensive Juvenile Services Program.  Any movement from one level of the IJS Program to another may only be approved, in written form, by officers of the Unit.  There will be no exceptions.

* Report to the Champaign County Court Services Department in whatever fashion as directed by an IJS Officer.
* The respondent minor must maintain residence in Champaign County during the period of Probation.
* Home Detention:  Confined to home (no exceptions).
* Phase One:  7:00 PM to 7:00 AM curfew (all days - extensions available).
* Phase Two:  9:00 PM to 7:00 AM curfew (all days - extensions available).
* Phase Three:  10:00 PM to 7:00 AM curfew (all days - extensions available).
* Daily monitoring of school progress.
* Whenever directed to do so by a Probation Officer or any law enforcement officer of the State of Illinois, submit to a search of his/her person, papers or effects.
* On any day the minor is absent from school, he/she will be required to remain in his/her residence until returning to school.
* Must not be present on property of any Champaign County schools, other than school of enrollment, without approval of the IJS Unit.
* Must refrain from being present on the campus of the University of Illinois unless accompanied by parent/guardian/custodian, or unless given advance permission by the IJS Unit.
* Must obtain and maintain employment commensurate with school schedule.
* Must submit to urinalysis for the detection of non-prescription drug use within the first 30 days of Probation.  A subsequent test shall occur within 14 days of an initial positive test.  Further drug testing may be required at the discretion of the IJS Unit.
* Full cooperation with referred agencies.
* Completion of a minimum of 60 hours of Public Service Work (as directed).
* Make efforts to pay restitution and Court costs (as directed).
* Must refrain from contact with any persons or locations as designated.
* Compliance with all other standard and/or special conditions of Probation as ordered by the Court.

I, the undersigned, do hereby agree to participate in the Intensive Juvenile Services Program, should the Court decide that the IJS Program is an appropriate dispositional alternative.  I have had the details of the Program fully explained to me and understand that my full cooperation and compliance with the Program's rules and regulations is absolutely required.  I, therefore, also agree to abide by all of the rules of Probation, the rules and regulations of the Intensive Juvenile Services Program, and special orders of the Court.

‎ _X Brandon Kelly_ _____    _6-22-98_ _____
Respondent Minor                       Date

_____    _____
Intensive Juvenile Services Officer   Parent/Guardian/Custodian

003234

```
23:34:20   12/06/1997              JUVENILE - CASE NOTES

CASE NUMBER:  96-JD-00041  CLIENT NAME:  BRANDON KELLY
D.O.B.  8/02/1981               ADDR:   208 E. HILL
RACE: B  SEX: M                         CHAMPAIGN, IL 61821-0000
CASELOAD: IJS
```

|            |          |                                                          | LOGGED BY |
|------------|----------|----------------------------------------------------------|-----------|
| LOG DATE   | TIME     | CASE NOTES                                               |           |
| 9/19/1997  | 15:12:41 | FOR PREVIOUS ENTRIES, SEE CASE NOTES                     | MM        |
|            | 20:28:00 | CC. AIO. PG.                                             | TB        |
|            | 19:28:42 | CC. No answer at door.  VIOLATION                        | TB        |
|            | 19:19:00 | CC. AIO. PG.                                             | TB        |
| 11/12/1997 | 14:10:51 | PC from Ms. Kelly-Ward. Left message to call her at 398-5207. Returned call at 4:40 p.m. but nobody answered the phone. | TB |
|            | 20:55:00 | CC. Sister said R/M not home. VIOLATION                  | TB        |
|            | 21:34:21 | PC for CC. PG. VIOLATION. Ms. Kelly-Ward reports she enrolled R/M in school at Central H.S. the day he was released from YDC but he has not been staying at school all day.  Told her we would like to catch up with Brandon to try to talk him into at least giving IJS a chance, but he will not last very long at this rate. | TB |
|            | 19:21:00 | CC.                                                      | TB        |
|            | 20:21:00 | CC. PG.  MOM HAS NO IDEA WHERE HE IS.                    | TB        |
| /17/1997   | 14:00:00 | PC - FR MOM, TOM WAS IN COURT - SAID THAT BRANDON HAD NOT BEEN HOME BY CURFEW FOR THE LAST 5 NIGHTS, WAS NOT IN SCHOOL ON MONDAY, THINKS THAT HIS PROBATION SHOULD BE REVOKED | MM |
|            | 22:43:00 | CC. PG. VIOLATION.  Mrs. Kelly-Ward said R/M wasn't home.  She just doesn't know what to do | TB |

CONFIDENTIAL

23:34:20    12/06/1997         JUVENILE - CASE NOTES

CASE NUMBER:  96-JD-00041  CLIENT NAME:  BRANDON KELLY
D.O.B.  8/02/1981               ADDR:   208 E. HILL
RACE: B  SEX: M                         CHAMPAIGN, IL 61821-0000
CASELOAD: IJS

LOGGED
BY

LOG DATE    TIME    CASE NOTES
                    anymore and said that we probably should file
                    PVR because she would rather have him get an
                    education in jail than have him running around
                    on the streets and not going to school and
                    taking a chance of getting himself into further
                    trouble.  Said she took him to school and got
                    all his books for him only to have Mr. Malone
                    call her later to report R/M left school again.
                    She understands that we cannot help him if he
                    won't even give IJS a chance.  Told her we will
                    get info from Mr. Malone and file PVR. If R/M
                    decides to straighten up, he may have time to at
                    least give himself a chance if he returns to
                    Court.
████████  19:28:00  CC. PG, ████████                              ███
█████████ 21:41:00  PC FOR CC. ████████.                         ███
████████  20:55:16  CC. PG. ████████   Told Mrs. Kelly-Ward that I  ███
                    spoke with Mr. Malone and he has forwarded
                    Brandon's attendance records. He's leaving us no
                    choice in the matter but to file PVR if he won't
                    comply.
████████  20:22:31  CC. PG. HE'S HOME!!!  Admonished R/M for all   ███
                    curfew violations and for failing to attend

CONFIDENTIAL

23:34:20  12/06/1997          JUVENILE - CASE NOTES

CASE NUMBER: 96-JD-00041  CLIENT NAME: BRANDON KELLY
D.O.B. 8/02/1981          ADDR:  208 E. HILL
RACE: B  SEX: M                  CHAMPAIGN, IL 61821-0000
CASELOAD: IJS

|  |  |  | LOGGED BY |
|---|---|---|---|
| LOG DATE | TIME | CASE NOTES | |

school. Told him we have plenty already to file
PVR but would prefer that he at least give
himself and IJS a chance. Told him if he could
start staying home and going to school that we
would consider this his first day on IJS and not
file on previous violations. However, if he
chooses to violate again, PVR will be filed
because we will not just sit back until he
decides he wants to give it a try.  Asked him
and he didn't think it would be fair for us to
file PVR. Told him otherwise and advised him to
listen to what I said if he wants to keep that
from happening.  He can't hide behind excuses
forever, and the Judge won't let him do that the
next time in Court.

| ██████████ | 22:11:54 | PC for CC. R/M was still home. | ██ |
| ██████████ | 19:21:40 | CC. PG. ████████. | ██ |
| ██████████ | 20:02:00 | CC. ████████ PG. | ██ |
| ██████████ | 22:27:00 | PC for CC. Brother said R/M not home. ████████. | ██ |
| ██████████ | 19:58:00 | CC. ████████. NO ANSWER. | ██ |
| ██████████ | 21:57:00 | PC for CC. R/M not home. PG. ████████. | ██ |
| ██████████ | 20:06:00 | CC. PG. Mr. Ward reports R/M has been in and out pretty much as he pleases. Asked if there is | ██ |

CONFIDENTIAL

003239

23:34:20   12/06/1997        JUVENILE - CASE NOTES

CASE NUMBER:  96-JD-00041   CLIENT NAME:  BRANDON KELLY
D.O.B.  8/02/1981             ADDR:   208 E. HILL
RACE: B  SEX: M                      CHAMPAIGN, IL 61821-0000
CASELOAD: IJS

| LOG DATE | TIME | CASE NOTES | LOGGED BY |
|---|---|---|---|
| | | anything we need from Mrs. Kelly-Ward. Told him if she has any info as to his whereabouts she can let us know but told him R/M is making the choice to leave and consequences will be his. | |
| ▓▓▓▓▓▓ | 20:26:00 | CC. ▓▓▓▓▓▓. STEP DAD HAS NO IDEA WHERE HE IS NOR DOES HE KNOW WHERE HE GOES. TOLD HIM WE HAVE NO CHOICE BUT TO FILE. HE SAYS HE UNDERSTANDS. | ▓▓ |
| ▓▓▓▓▓▓ | 20:46:57 | CC. PG. ▓▓▓▓▓▓ Mom reports he was home yesterday but she just got home and has not seen him since this morning. | ▓▓ |
| ▓▓▓▓▓▓ | 19:56:18 | PC for CC. PG. ▓▓▓▓▓▓ Mom said R/M has been coming home at night and was there earlier today but he takes off and she doesn't know where he goes. Told her PVR will likely be filed next week. | ▓▓ |

CONFIDENTIAL

003240

003241

JUVENILE DOCKET -                          CMD 1 - MENU
                                           CMD 5 - RETRY

CASE#   96 JD 00041
TYPE:   DL  (AD=Adoption AN=Abuse Neglect DL=Delinquent PF=Putative Father)
FILE DATE:   3/22/96

DOCKET INFORMATION:

                        a.m. in Courtroom H.  Court Services to prepare a
                        dispositional report for that date and time.  The
                        respondent minor is to remain in detention pending
                        the dispositional hearing.
10/09/97                NEXT COURT DATE
10/09/97                NEXT COURT DATE
11/03/97   TJD/LSM/NS

                        Appearance of the Petitioner by Asst. State's
                        Atty. Chase Leonhard.  Appearance of the
                        respondent minor personally with Asst. Public
                        Defender Damian Lowe.  Appearance of the
                        respondent mother.  This cause is called for
                        dispositional hearing.  Report from YDC on file.
                        The Court has considered the Dispositional Report,
                        the letter from the respondent minor and the        +

CONFIDENTIAL

003242

JUVENILE DOCKET -                    CMD 1 - MENU
                                     CMD 5 - RETRY

CASE#   96 JD 00041
TYPE:   DL  (AD=Adoption AN=Abuse Neglect DL=Delinquent PF=Putative Father)
FILE DATE:   3/22/96

DOCKET INFORMATION:

|          |            | comments of counsel.  The court finds the |
|----------|------------|-------------------------------------------|
|          |            | respondent minor is adjudicated a delinquent and |
|          |            | is made a ward of the court.  The Court places the |
|          |            | respondent minor on 12 months Intensive Probation |
|          |            | and he is subject to the terms and conditions as |
|          |            | set forth in the statute and in the Order of |
|          |            | Conditions.  The respondent minor is advised of |
|          |            | his Appellate Rights pursuant to Supreme Court |
|          |            | Rule 605. |
| 11/03/97 |            | NEXT COURT DATE |
| 1/05/98  | JUVENIL/AM | Probation Violation Report on file. |
| 1/15/98  | JUVENIL/AM | A Petition to Revoke Probation on file by |
|          |            | Chase Leonhard.  Summons to issue returnalbe |
|          |            | February 24, 1998 at 9:00 a.m. in Courtroom "H". |
| 2/24/98  | TJD/LSM/AR | Appearance of the Petitioner by Asst. State's       + |

CONFIDENTIAL

003243

CONFIDENTIAL

JUVENILE DOCKET -                          CMD 1 - MENU
                                           CMD 5 - RETRY
CASE#  96 JD 00041
TYPE:  DL  (AD=Adoption AN=Abuse Neglect DL=Delinquent PF=Putative Father)
FILE DATE:   3/22/96

DOCKET INFORMATION:

                        Atty. CHASE LEONHARD.  Appearance of Asst. Public
                        Defender DAMIAN LOWE on behalf of the respondent
                        minor.  Appearance by the respondent mother.
                        No appearance by the respondent minor.  Motion
                        by the Petitioner for a Warrant of Apprehension,
                        motion allowed.  Warrant of Apprehension to
                        issue.
2/24/98                 NEXT COURT DATE
2/25/98   TJD/LSM       Warrant issued.
6/08/98   TJD/LSM/MC    Appearance of the Petitioner by Asst. State's Atty
                        Chase Leonhard.  Appearance of the respondent
                        minor personally in custody of the
                        Champaign County Youth Detention Center.
                        Appearance of Rich Record from the Court
                        Services Dept.                              +

JUVENILE DOCKET -                          CMD 1 - MENU
                                           CMD 5 - RETRY

CASE#   96 JD 00041
TYPE:   DL (AD=Adoption AN=Abuse Neglect DL=Delinquent PF=Putative Father)
FILE DATE:   3/22/96

DOCKET INFORMATION:

                    Respondent minor is advised as to the nature of
                    the allegations against him in the Petition to
                    Revoke.  The Court finds the Public Defender's
                    Office has previously represented the respondent
                    minor in this matter.  The Court appoints the
                    Public Defender's Office to again represent the
                    respondent minor.  Appearance of Asst. Public
                    Defender Pam Burnsider.  General Denial entered.
                    Cause allotted for Adjudicatory Hearing on
                    6/19/98 at 1:00 p.m. in H.  The respondent
                    minor stipulates that it is a matter of immediate
                    and urgent necessity that the respondent minor
                    be detained.  See Order of Detention entered this
                    date.  The respondent minor is remanded to the        +

CONFIDENTIAL

003244

003245

JUVENILE DOCKET -                    CMD 1 - MENU
                                     CMD 5 - RETRY

CASE#  96 JD 00041
TYPE:   DL (AD=Adoption AN=Abuse Neglect DL=Delinquent PF=Putative Father)
FILE DATE:   3/22/96

DOCKET INFORMATION:
                        custody of the Court Services Dept. for
                        transportation to the Youth Detention Center.
   6/19/98  TJD/LSM/NS  Appearance of the Petitioner by Asst. State's Atty
                        Chase Leonhard.  Appearance of the respondent
                        minor personally in custody of YDC with Asst.
                        Public Defender Pam Burnside.
                        Appearance of Melissa Mitchell from Court
                        Services Dept.
                        Cause called for Status Hearing.
                        The respondent minor admits and stipulates to the
                        allegations as set forth in the Petition to Revoke
                        Probation, that admission and stipulation is
                        accepted by the Court.  The Court adjudges the
                        respondent minor to be a delinquent minor and is
                        made a ward of the Court, his probation is          +

CONFIDENTIAL

003246

CONFIDENTIAL

JUVENILE DOCKET ~                          CMD 1 - MENU
                                           CMD 5 - RETRY

CASE#  96 JD 00041
TYPE:  DL (AD=Adoption AN=Abuse Neglect DL=Delinquent PF=Putative Father)
FILE DATE:   3/22/96

DOCKET INFORMATION:

|  |  |  |
|---|---|---|
|  |  | Revoked.  Cause allotted for Dispositional Hearing on  7/30/98 at  1:30 p.m. in Courtroom H. Court Services to prepare a Dispositional Report and an Intensive Suitability Report. Court Services is directed to also prepare a Mental Health and Substance Abuse Evaluation. Deft. is remanded to YDC pending the dispositional hearing on 7/30/98 at 1:30 p.m. in H. |
| 6/19/98 |  | NEXT COURT DATE |
| 6/19/98 |  | NEXT COURT DATE |
| 6/22/98 | TJD/LSM/AR | Order for Transportation presented to and approved by the Court.  See order allowing the respondent to be transported to Centerpoint for an appt. |

December 10, 1997

Mrs. Dorothy Kelly-Ward                    **RE: BRANDON KELLY, 240663**
201 E. Hill Street                         **10th grade**
Champaign, IL  61820

Dear Mrs. Kelly-Ward

I am writing this letter in regards to your son, Brandon Kelly's attendance at Champaign
Central High School. I have been monitoring his attendance since the beginning of
school. I informed you of his attendance problem some time ago. At this point, his
attendance is to the point that we will drop him from our attendance ledgers. The federal
law requires a student to be in attendance in school until they are 16 years of age.
Brandon was initially registered for school in August, however he chose not to attend
school. He attended school for the first time on November 4 after having a meeting with
you and myself. The assumption was that he was going to be in regular attendance at
school. He, however, has been chronically truant and unexcused from school. If
Brandon does not report to school along with you by Monday, December 15, 1997 and
consistently attend, he will be dropped from Central's roster. If you have any questions
concerning this matter, please give me a call at 351-3916.

Sincerely,

F. KEVIN MALONE
DEAN OF STUDENTS

CONFIDENTIAL

cc:     Tom Brown, Probation
        Rush Record, Probation

003247

| Date | Day | Student | Number | Reason | P E R I O D S | SCH |
|------|-----|---------|--------|--------|---------------|-----|
| 11/04/97 | Tue | KELLY, BRANDON D. | 240663 | T | .A.AAA.... | 032 |
| 11/05/97 | Wed | KELLY, BRANDON D. | 240663 | T | .A.AAA.... | 032 |
| 11/06/97 | Thu | KELLY, BRANDON D. | 240663 |   | AA.AAA.... | 032 |
| 11/07/97 | Fri | KELLY, BRANDON D. | 240663 | T | .A.AAA.... | 032 |
| 11/10/97 | Mon | KELLY, BRANDON D. | 240663 | T | .A.AAA.... | 032 |
| 11/12/97 | Wed | KELLY, BRANDON D. | 240663 | T | AAAAAA.... | 032 |
| 11/13/97 | Thu | KELLY, BRANDON D. | 240663 | T | AAAAAA.... | 032 |
| 11/17/97 | Mon | KELLY, BRANDON D. | 240663 |   | AA.AAA.... | 032 |
| 11/18/97 | Tue | KELLY, BRANDON D. | 240663 | T | ...A...... | 032 |
| 11/19/97 | Wed | KELLY, BRANDON D. | 240663 |   | A..A...... | 032 |
| 11/20/97 | Thu | KELLY, BRANDON D. | 240663 | T | ...A...... | 032 |
| 11/21/97 | Fri | KELLY, BRANDON D. | 240663 | T | ...A...... | 032 |
| 11/24/97 | Mon | KELLY, BRANDON D. | 240663 | T | AAAAAAA... | 032 |
| 11/25/97 | Tue | KELLY, BRANDON D. | 240663 | T | ..AA...... | 032 |
| 11/26/97 | Wed | KELLY, BRANDON D. | 240663 | T | ...AAA.... | 032 |
| 12/01/97 | Mon | KELLY, BRANDON D. | 240663 | T | AAAAAA.... | 032 |
| 12/02/97 | Tue | KELLY, BRANDON D. | 240663 | T | .AAAAA.... | 032 |
| 12/03/97 | Wed | KELLY, BRANDON D. | 240663 | T | AAAAAAA... | 032 |
| 12/04/97 | Thu | KELLY, BRANDON D. | 240663 | T | AAAAAAA... | 032 |
| 12/05/97 | Fri | KELLY, BRANDON D. | 240663 | T | AAAAAA.... | 03 + |

CONFIDENTIAL

003248

| "X" | Date | Day | Student | P | | Number | Reason | P E R _ ) D S | SCH |
|---|---|---|---|---|---|---|---|---|---|
| _ | 12/08/97 | Mon | KELLY, BRANDON D. | | | 240663 | T | AAAAAAA... | 032 |
| _ | 12/09/97 | Tue | KELLY, BRANDON D. | | | 240663 | T | AAAAAAA... | 032 |
| _ | 12/10/97 | Wed | KELLY, BRANDON D. | | | 240663 | | AAAAAAA... | 032 |
| _ | | | --- END --- | | | | | | |

CONFIDENTIAL

| "X" | Date | Day | Student | Number | Reason | P E R I | כ S | SCH |
|-----|------|-----|---------|--------|--------|---------|------|-----|
| _ | 11/04/97 | Tue | KELLY, BRANDON D. | 240663 | T | .A.AAA.... | | 032 |
| _ | 11/05/97 | Wed | KELLY, BRANDON D. | 240663 | T | .A.AAA.... | | 032 |
| _ | 11/06/97 | Thu | KELLY, BRANDON D. | 240663 | | AA.AAA.... | | 032 |
| _ | 11/07/97 | Fri | KELLY, BRANDON D. | 240663 | T | .A.AAA.... | | 032 |
| _ | 11/10/97 | Mon | KELLY, BRANDON D. | 240663 | T | .A.AAA.... | | 032 |
| _ | 11/12/97 | Wed | KELLY, BRANDON D. | 240663 | T | AAAAAA.... | | 032 |
| _ | 11/13/97 | Thu | KELLY, BRANDON D. | 240663 | T | AAAAAA.... | | 032 |
| _ | 11/17/97 | Mon | KELLY, BRANDON D. | 240663 | | AA.AAA.... | | 032 |
| _ | | | --- END --- | | | | | |

CONFIDENTIAL

Tom Brown
394 - 1269

003250



CHAMPAIGN UNIT SCHOOL DISTRICT #4
# CHAMPAIGN CENTRAL HIGH SCHOOL

610 WEST UNIVERSITY AVENUE
CHAMPAIGN, IL 61820
PHONE (217) 351-3911
FAX (217) 351-3919

DONALD L. HANSEN, PRINCIPAL
DENNIS L. SPARKS, ASSISTANT PRINCIPAL

CHARLES DRAKE, DEAN OF STUDENTS
KEVIN MALONE, DEAN OF STUDENTS
DIANE SHEPARD, DEAN OF STUDENTS

## FAX COVER SHEET

DATE: _11/18/97_

TO: _TOM BROWN_     PHONE: _____

FAX: _____

FROM: _KEVIN MALONE_     FAX: (217) 351-3919
_C.H.S._

*Number of pages including cover sheet:* _2_     CONFIDENTIAL

*Message:*

1989 AND 1996 UNITED STATES DEPARTMENT OF EDUCATION EXEMPLARY SCHOOL